**Edna McELFRESH, Petitioner**

v.

**DEPARTMENT OF
TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2007.
Decided Oct. 23, 2008.
Publication Ordered Jan. 13, 2009.

David A. Colecchia and Jeffrey S. Golembiewski, Greensburg, for petitioner.

Stephen F. J. Martin, Asst. Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SMITH–RIBNER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Edna McElfresh petitions for review of an order of a Department of Transportation (DOT) Hearing Officer.[1] The Hearing

---

1. The Hearing Officer heard this matter as DOT's *Right to Know Law* Exceptions Official.

Officer denied a request for documents sought pursuant to what is commonly referred to as the Right to Know Law.[2] The Hearing Officer concluded that McElfresh's request seeking various DOT records, including a Vehicle Sales and Use Tax/Application for Registration (Form MV–4ST), sought information protected from disclosure under the Commonwealth's tax statutes. We affirm.

McElfresh is the plaintiff in a civil suit against the Toyota of Greensburg automotive dealership (the Dealership). In that suit, McElfresh alleges that sh4e left her car with the Dealership and took one of its cars, which she intended to purchase upon approval. The following day, McElfresh alleges, she decided not to buy the car, and requested the return of her car, which the Dealership informed her had already been sold. McElfresh thereafter brought a civil suit, and in seeking information regarding the sales price of her car, was told by the Dealership that it had lost the records thereon. McElfresh subsequently filed with DOT an RTKL request,[3] and DOT provided her with the requested records, including Form MV–4ST. However, DOT redacted from Form MV–4ST the car purchase price and sales tax figures. McElfresh timely objected to that redaction, and a hearing before the Hearing Officer ensued.

The Hearing Officer addressed, in part most relevant, Commonwealth statutes prohibiting the disclosure by Commonwealth agencies of certain tax collection information gained under Commonwealth tax collection statutes,[4] noting that said

2. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. 66.1–66 .9 (hereinafter, RTKL).

3. McElfresh originally filed a Declaratory Judgment Action in Commonwealth Court's original jurisdiction seeking disclosure of the information sought in this matter. In *McElfresh v. DOT*, No. 87 M.D.2007, by order dated May 23, 2007, this Court remanded, after stipulation by the parties but prior to disposition on the merits, to DOT for administrative proceedings consistent with the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, and consistent with the RTKL.

4. Section 731 of the Fiscal Code, Act of April 9, 1929, P.L. 343, 72 P.S. § 731, *added by* the Act of June 6, 1939, P.L. 261, *as amended*, provides:

Confidential information

Any information gained by any administrative department, board, or commission, as a result of any returns, investigations, hearings or verifications required or authorized under the statutes of the Commonwealth imposing taxes or bonus for State purposes, or providing for the collection of the same, shall be confidential except for official purposes, and except that such information may be given to any other state or to the Government of the United States, where such state or the United States by law authorizes the furnishing of similar information to the Commonwealth of Pennsylvania. Any person or agent divulging such information shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not in excess of five hundred dollars ($500.00), or to undergo imprisonment for not more than three (3) years, or both, in the discretion of the court.

For purposes of this section, information regarding refunds or credits and the names of the persons or corporations entitled thereto, which is available for public inspection under the provisions of this act, shall not be deemed confidential.

Article II, Section 274 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, 72 P.S. § 7274, provides:

Unauthorized disclosure

Any information gained by the department as a result of any return, examination, investigation, hearing or verification, required or authorized by this article, shall be confidential, except for official purposes and except in accordance with proper judicial order or as otherwise provided by law, and any person unlawfully divulging such information shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not in excess of one thousand dollars ($1000) and costs of prosecution, or to undergo imprisonment for not more than one year, or both.

prohibition removed the redacted information sought herein from the RKTL definition of disclosable public records.[5] McElfresh argued that her suit constituted an "official purpose" under Section 731 of the Fiscal Code, and/or that the RTKL itself qualified as a request "otherwise provided by law" under Section 274 of the Tax Reform Code of 1971, and that either of those provisions would serve to override the non-disclosure provisions. The Hearing Officer concluded that the circular logic of the conflict between the RTKL and the tax statutes' provisions necessitated, for purposes of avoiding an absurd result in the statutory construction of the statutes at issue, the protection of the redacted information from disclosure. As such, by order dated November 14, 2007, the Hearing Officer denied McElfresh's request. McElfresh now petitions this Court for review of the Hearing Officer's order.

■ Commonwealth Court's scope of review of an agency decision under the RTKL is limited to whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence in the record. *Digital–Ink, Inc. v. Department of General Services,* 923 A.2d 1262 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 594 Pa. 706, 936 A.2d 41 (2007).

■ McElfresh presents one issue for review: whether the Hearing Officer erred in concluding that Section 731 of the Fiscal Code, and/or Section 274 of the Tax Reform Code, applied to the RTKL request, thereby authorizing DOT to deny the request for sales tax information related to the sale of the vehicle at issue.

We initially note that DOT concedes that the information sought from Form MV–4ST meets the RTKL threshold definition of a public record. However, DOT contends that Section 1 of the RTKL nevertheless exempts the information from disclosure because that disclosure is prohibited by Section 731 and/or Section 274 as information gained by DOT as authorized by the tax collection provisions of the Vehicle Code.[6] DOT further considers it-

---

**5.** Section 1 of the RTKL, 65 P.S. 66.1, defines a public record as:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, that the term public records shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court,

or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act.

Section 1 was repealed by the Act of Feb. 14, 2008, P.L. 6, effective Jan. 1, 2009. This repeal is of no moment to our instant disposition.

**6.** Section 1103.1(b) of the Vehicle Code, 75 Pa.C.S. § 1103.1(b), requires, in relevant part, DOT's collection of taxes payable in connection with the acquisition of a vehicle. Section 1109 of the Vehicle Code, 75 Pa.C.S. § 1109, authorizes DOT to refuse title if grounds exist to believe that applicable taxes were not paid. Additionally, regulations promulgated under the Fiscal Code provide for DOT's collection of vehicle sales taxes. 61 Pa.Code § 51.4(d).

self subject to prosecution for disclosure of the sought information pursuant to the penalty provision of Section 731.

McElfresh argues that Section 274 of the Tax Reform Code controls herein, and mandates disclosure of the information as an exception under Section 274 "as otherwise provided by law," citing to the RTKL as the law providing for disclosure of public records such as the one at issue. McElfresh argues that the interrelationship of these two statutory provisions—Section 731, and Section 274—can be defined by an application of Sections 1933[7] and 1936[8] of the Statutory Construction Act of 1972. Section 731 was added to the Fiscal Code in 1939, and amended in 1956. Section 274 of the Tax Reform Code was enacted in 1971. As such, McElfresh asserts, the specific nature of Section 274, due to its later date of final enactment, controls over the general disclosure provision of the earlier-enacted Section 731. McElfresh concludes that therefore, the information is subject to disclosure "as provided by law"—namely, the RTKL—under the specific terms of Section 274. While we agree with Section 274's specific control over the general language of Section 731, we cannot agree with McElfresh's preferred interpretation as applied to the RTKL.

Reading Section 274 of the Tax Reform Code as providing for disclosure, under the RTKL, of otherwise statutorily protected tax information would result in a complete evisceration of the confidentiality provisions of both Sections 274 and 731, in that no effect could be given to those provisions in the face of any RTKL request, and they would thusly be rendered mere surplusage. It is axiomatic that statutes shall be construed to give effect to all of their provisions in such a way that no provision becomes mere surplusage. Section 1921(a) of the Statutory Construction Act, 1 Pa. C.S. § 1921(a); *UMCO Energy, Inc. v. Department of Environmental Protection,* 938 A.2d 530 (Pa.Cmwlth.2007), *petition for allowance of appeal denied,* 597 Pa. 724, 951 A.2d 1168 (2008). As such, McElfresh's statutory construction arguments actually contradict our well-established application of the principles of the Statutory Construction Act, and are without merit in relation to her assertion that an RTKL request is an exception "as provided by law" under the language of Section 274.[9,10]

7. Section 1933 of the Statutory Construction Act, 1 Pa.C.S.1933, states:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

8. Section 1936 of the Statutory Construction Act, 1 Pa.C.S.1936, states:

Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

9. In a related argument, McElfresh argues that the result is the same if Sections 274 and 731 are read *in pari materia,* inasmuch as in construing both provisions together, one must view Section 274 as an exception to Section 731. *See* Section 1932 of the Statutory Construction Act, 1 Pa.C.S. § 1932. Under this argument, McElfresh asserts that while the phrase "as provided by law" is not defined within Section 274, those words must be given their natural meaning, in this case "subject to a proper RTKL request." We reject this argument, under the same statutory construction principles articulated above, as McElfresh's *in pari materia* construction would still render the confidentiality provisions at issue mere surplusage as stated.

McElfresh also argues that if Section 731 of the Fiscal Code is found to control the instant matter, the Hearing Officer had a duty to review the matter and determine whether the information could be released in the interests of justice. McElfresh asserts, correctly, that the RTKL favors transparency and public access regarding any expenditure or receipt of public funds. *Pennsylvania State University v. State Employees' Retirement Board,* 594 Pa. 244, 935 A.2d 530 (2007). Our Supreme Court has held, as McElfresh emphasizes, that the RTKL only prohibits the release of information when the records sought potentially impair the reputation or personal security of another, and only when the potential impairment outweighs the public interest in the dissemination of the records at issue. *Id.* Employing this standard, McElfresh argues that DOT's rationale for redacting the information at issue is meritless on its face, as no harm to the purchaser's reputation or privacy in disclosing the purchase price will occur in this matter. It is undisputed in this matter that the purchaser of McElfresh's vehicle has since sold the vehicle, and that his whereabouts are unknown. As such, McElfresh asserts that no privacy interests, or potential personal impairment, are implicated by her request, and further emphasizes that the sought information would be subject to disclosure if the sale were one of any other type of motorized vehicle that did not require registration with DOT.

We agree, most generally stated, that the privacy interest in this matter may be outweighed by the public interest in the justice sought in McElfresh's underlying civil suit. Said civil suit should undeniably be granted the benefit of a full airing of all dispositive facts if at all possible under our Commonwealth's statutes. We disagree, however, that McElfresh's RTKL request was the proper avenue through which to gain the information sought herein. As noted above, no reading of the confidentiality provisions at stake can be interpreted to subject the sought information to a RTKL request under the facts *sub judice.* However, the clear and unambiguous language of Section 274 of the Tax Reform Code does expressly provide a mechanism through which the information may be gleaned in a situation such as the underlying litigation of this matter. Such situation was clearly anticipated by the General Assembly in its passage of Section 274.

In addition to the "as otherwise provided by law" clause cited by McElfresh in her reliance upon Section 274, we note that this Section also provides for the release of the otherwise statutorily confidential information sought *"with proper judicial order."* 72 P.S. § 7274 (emphasis added). This language plainly anticipates the release of information otherwise protected by Section 274 for purposes, *inter alia,* of litigation such as that underlying McElfresh's appeal to this Court—namely, her civil suit. At oral argument before this Court, McElfresh's counsel admitted that no such request for a judicial order mandating the release of the information sought from DOT was ever made upon the court hearing McElfresh's civil suit. The

---

10. We also reject McElfresh's argument that, absent her interpretation of the "as provided by law" exception to Section 274, that phrase would otherwise be rendered mere surplusage. It is inarguable that some Commonwealth tax records are, by express statutory provision, subject to RTKL requests. *See, e.g., Pennsylvania Land Title Association v. East* *Stroudsburg Area School District,* 913 A.2d 961 (Pa.Cmwlth.2006), *petition for allowance of appeal denied,* 593 Pa. 743, 929 A.2d 1163 (2007), in which we recognized the propriety of an RTKL request seeking certain tax records pursuant to the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. 5860.101–5860.803.

record to this matter is likewise bereft of any such court order request. Further, counsel for DOT conceded, again at oral argument before this Court, that any such judicial order issued from the court hearing the civil suit would indeed be complied with by DOT, given the deference obviously due to the court's jurisdiction over the matter, and given Section 274's express language.[11] Further, the balancing of the privacy interests of the purchaser of McElfresh's vehicle, and any potential harm thereto, against the public's general interest in the full and fair administration of justice in McElfresh's underlying civil suit, as noted above, could be directly weighed by the trial court in its consideration of a direct request for such a court order.

Accordingly, we affirm.

Judge SMITH–RIBNER dissents.

### ORDER

AND NOW, this 23rd day of October, 2008, the order of the Department of Transportation Hearing Officer in the above-captioned matter, dated November 14, 2007, at No. 008 RTKL DOCKET 2007, is affirmed.

11. We emphasize, echoing a portion of McElfresh's earlier statutory construction argument, that the "in accordance with proper judicial order" exception to Section 274's general disclosure prohibition would indeed control over Section 731's broader, exceptionless confidentiality provisions, since Section 274 was both enacted after Section 731, and provides specific language as contrasted with Section 731's more general language. Sections 1933 and 1936 of the Statutory Construction Act, 1 Pa.C.S. §§ 1933, 1936.