**OFFICE OF THE BUDGET, Petitioner**

v.

**Simon CAMPBELL, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 21, 2011.

Decided Aug. 4, 2011.

Brian D. Zweiacher, Assistant Counsel, Harrisburg, for petitioner.

Simon Campbell, pro se.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.[1]

The Office of the Budget (OB) petitions for review of the July 29, 2010, order of the Office of Open Records (OOR), which required the OB to release to Simon Campbell under the Right–to–Know Law (RTKL)[2] the W–2 forms of all current and former employees of the OOR, redacting all information except the name of the employer, the name of the employee and the State Employees' Retirement System (SERS) contribution. We reverse.

Campbell submitted a right-to-know request to the OB, seeking copies of the 2009 W–2 forms issued and sent by the OB to all current and former employees of the OOR, subject to any redactions. The OB denied the request because federal law and state law make tax returns and tax return information confidential and prohibit their disclosure. The OB advised Campbell that the OB had filed the requested W–2 forms with the Internal Revenue Service (IRS) under section 6041(a) of the Internal Revenue Code, 26 U.S.C. § 6041 (requiring persons engaged in business to file information returns, in the form and manner prescribed by the Secretary, to report payments of income to other persons).

Campbell appealed to the OOR, challenging the OB's denial of his request only

---

1. This case was reassigned to the authoring Judge on July 8, 2011.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

with respect to the boxes on the W–2 containing the employer's name and address, the employee's name and address and the SERS contribution. For the most part, the OOR ruled in favor of Campbell. The OOR stated that, in prior cases, it had determined that W–2 forms are public records subject to release. However, this court has enjoined the release of employee home addresses. *See Pennsylvania State Education Association ex rel. Wilson v. Department of Community and Economic Development,* 981 A.2d 383 (Pa.Cmwlth. 2009), *aff'd,* 606 Pa. 638, 2 A.3d 558 (2010). Thus, the OOR directed the OB to release the requested W–2 forms, redacting all information except the name of the employer, the name of the employee and the SERS contribution. The OB now petitions this court for review.[3]

The OB argues that federal law makes tax returns and tax return information, including W–2 forms, confidential and prohibits their disclosure.[4] We agree.

Section 6103(a) of the Internal Revenue Code provides, in pertinent part, as follows:

(a) General rule.—**Returns and return information shall be confidential,** and except as authorized by this title—

. . . .

(2) no officer or employee of any State . . .

shall disclose any return or return information obtained by him in any manner. . . .

26 U.S.C. § 6103(a) (emphasis added). Section 6103(b) of the Internal Revenue Code defines "return" and "return information," in pertinent part, as follows:

(1) Return. The term "return" means any tax or **information return** . . . required by . . . the provisions of this title which is **filed with** the Secretary by . . . any person . . . including supporting . . . attachments. . . .

(2) Return information. The term "return information" means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits . . . tax withheld . . . or any other data, received by, recorded by, prepared by, **furnished to,** or collected by the Secretary with respect to a return. . . .

26 U.S.C. § 6103(b) (emphasis added).

Here, the OB "filed with the Secretary" information returns that included W–2 forms and thereby "furnished to . . . the Secretary" the return information appearing on the W–2 forms. Thus, the W–2 forms fall within the definitions of "return" and "return information"; as such, they are confidential and cannot be disclosed. Because W–2 forms are exempt from dis-

---

**3.** Although we review this appeal in our appellate jurisdiction, we function as a trial court and subject this matter to independent review. *Jones v. Office of Open Records,* 993 A.2d 339, 340 n. 2 (Pa.Cmwlth.2010). By statute, we are required to enter narrative findings and conclusions, based on the evidence as a whole, and to clearly and concisely explain our rationale. *Id.; see* Section 1301(a) of the Law, 65 P.S. § 67.1301(a).

**4.** Section 701(a) of the RTKL states that, "[u]nless otherwise provided by law, a public

record . . . shall be accessible for inspection and duplication. . . ." 65 P.S. § 67.701(a). The term "public record" includes a Commonwealth agency record that "is not exempt from being disclosed under any other Federal or State law. . . ." Section 102 of the RTKL, 65 P.S. § 67.102. A record possessed by a Commonwealth agency is presumed to be a public record unless "the record is exempt from disclosure under any other Federal or State law. . . ." Section 305(a) of the RTKL, 65 P.S. § 67.305(a).

closure under federal law, they are not public records under the RTKL.[5] As to whether the OOR could allow the release of redacted W–2 forms, in *Church of Scientology v. Internal Revenue Service*, 484 U.S. 9, 14–15, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987), the United States Supreme Court held that the returns themselves are protected from disclosure and, thus, could not be released with redactions.

Accordingly, we reverse.[6]

*ORDER*

AND NOW, this 4th day of August, 2011, the order of the Office of Open Records, dated July 29, 2010, is hereby reversed.

**5.** In reaching a different result, the OOR relied upon *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir.1987), in which the United States Court of Appeals for the Ninth Circuit held that section 6103 of the Internal Revenue Code did not preclude a government employer from disclosing the tax returns of an employee to persons investigating the employee for misconduct. In so holding, the federal appeals court concluded that section 6103 prohibits disclosure of tax information only by government officers and employees with access to IRS filings. *Id.*

First, we note that decisions of intermediate federal appeals courts are not binding on this court. *Reeser v. NGK North American, Inc.*, 14 A.3d 896, 899 n. 3 (Pa.Super.2011). Second, the federal appeals court in *Stokwitz* did **not** hold that employers may disclose an employee tax return to anyone who requests it; the court held only that an employer may provide an employee tax return to persons investigating the employee for misconduct.

Finally, we cannot agree with the federal appeals court that section 6103 prohibits disclosure of tax information only by those with access to IRS filings. In ascertaining the intention of the legislature in the enactment of a statute, we presume that the legislature did not intend a result that is absurd. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). It would be absurd to make a W–2 form confidential in the hands of persons with access to IRS filings, but not confidential in the hands of the

filers. As stated in *McElfresh v. Department of Transportation*, 963 A.2d 582, 585 (Pa. Cmwlth.2008), to allow the disclosure of otherwise statutorily protected tax information under the RTKL would result in a complete evisceration of confidentiality.

**6.** Having concluded that W–2 forms are confidential under federal law, we need not address the OB's argument that they also are confidential under state law. Nevertheless, we point out that, in *People v. Gutierrez*, 222 P.3d 925, 933 (Colo.2009), the Supreme Court of Colorado stated that:

> every ... state in the country (including the District of Columbia) has adopted [a] ... statutory regime, evincing a national consensus that taxpayers' tax returns are considered confidential, private communications with the department of revenue and should be made available for non-tax purposes only in the rarest of circumstances.

For Pennsylvania, the court cited section 353(f) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, added by section 4 of the Act of August 31, 1971, P.L. 362, *as amended*, 72 P.S. § 7353(f). *Id.* at 933 n. 7. That provision: (1) makes it unlawful for an employee of the Commonwealth to divulge, except for official purposes, information disclosed in an income tax return; and (2) imposes criminal sanctions and dismissal from employment as penalties for unlawful disclosure. 72 P.S. § 7353(f).