**FORT CHERRY SCHOOL DISTRICT, Appellant**

v.

**Susan COPPOLA.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 13, 2012.
Decided Feb. 23, 2012.

Falco A. Muscante, Pittsburgh, for appellant.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

This is an appeal from the Washington County Court of Common Pleas (trial court) order affirming the Office of Open Records (OOR) Final Determination that granted access to identifiable W–2 forms requested pursuant to the Right–to–Know Law (RTKL).[1] The Fort Cherry School District (School District) asserts it properly withheld the W–2s as exempt in their entirety by federal statute. Based upon our case law, we must reverse the trial court.

## Background

Susan Coppola (Requester) submitted a request to the School District seeking 2008 and 2009 W–2s and 1099s, from which all personal information is redacted, for: Dr. Robert Dinnen; Mr. Paul Sroka; Ms. Trish Craig; and, Ms. Dawn Smith (Request).

The School District responded that 1099 forms do not exist for the named individuals, and invoked the 30–day extension permitted by Section 902 of the RTKL, 65 P.S. § 67.902(a), to respond to the part of the Request seeking W–2 information. Within the extension period, the School District withheld the W–2 forms as protected from disclosure under federal law, and thus exempt under Section 305(a)(3) of the RTKL, 65 P.S. § 67.305(a)(3). Specifically, the School District advised the W–2s are exempt in their entirety as "return information" under the Internal Revenue Code, 26 U.S.C. § 6103. The School District also asserted the W–2 forms contain "personal financial information," Social Security and employee identification numbers exempt under Section 708(b)(6) of the RTKL, 65 P.S. § 67.708(b)(6).

Requester appealed to the OOR, explaining the grounds for her appeal as to the W–2 information. Requester did not challenge the alleged non-existence of the 1099s in her appeal; thus, that issue was not properly before the OOR. See Dep't of Corr. v. Office of Open Records, 18 A.3d 429 (Pa.Cmwlth.2011) (a requester must address grounds stated by an agency for not providing the records).

The School District asserted that the federal statute, 26 U.S.C. § 6103, protects W–2s. In support, the School District cited a decision authored by then-President Judge Ronald Vican of the Monroe County Court of Common Pleas, which held that W–2s are protected in their entirety under that federal statute. See Campbell v. Pocono Mt. Sch. Dist., No. 6384 (C.C.P. Monroe, filed Oct. 2, 2009). The School District argued that decisions by courts of common pleas are binding on the OOR, regardless of whether the local agency is located in the county that decided the issue.

1. Act of February 14, 2008, P.L. 6, *as amend-* ed, 65 P.S. §§ 67.101–67.3104.

The OOR held the W–2s are subject to disclosure under the RTKL, with redaction of personal information protected by Section 708(b)(6). The OOR disregarded Judge Vican's decision in Monroe County and noted the OOR is not bound by the decision since the School District is not located in Monroe County.

Pursuant to Section 1302 of the RTKL, the School District appealed the OOR's determination to the Court of Common Pleas in Washington County. The trial court heard argument from the School District prior to issuing its order. Neither Requester nor the OOR appeared before the trial court. The OOR rested on the merits of its final determination. The trial court denied the School District's petition for review and upheld the OOR.

■ The School District appealed to this Court, arguing W–2s are exempt and that the OOR lacked authority to require an affidavit of non-existence for the 1099s.[2] Requester filed a notice of non-participation. The only issue before the Court is whether the W–2s are protected by the federal statute the School District cited.

## Discussion

■ Under the RTKL, records in the possession of an agency are presumed to be public unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by privilege; or (3) exempted "under any other Federal or State law or regulation or judicial order or decree." Section 305 of the RTKL, 65 P.S. § 67.305. A local agency bears the burden of proving a record is exempt from disclosure. *See SWB Yankees, LLC v. Wintermantel*, 999 A.2d 672 (Pa.Cmwlth.2010), *appeal granted*, — Pa. ——, 18 A.3d 1145 (2011).

■ The School District argues the W–2s at issue are protected from disclosure under Section 6103 of the Internal Revenue Code, 26 U.S.C. § 6103. Section 6103(a) of the Internal Revenue Code prohibits disclosure of "returns" or "return information." 26 U.S.C. § 6103(a); *Office of the Budget v. Campbell*, 25 A.3d 1318 (Pa.Cmwlth.2011). In *Campbell*, we determined that W–2s qualify as "return information"[3] exempt under the same statutory provision that the School District cites here. Pursuant to our analysis in *Campbell*, we note that 1099 forms also qualify as "return information" that is exempt under this statute.

Based upon our decision in *Campbell*, we hold the W–2s are exempt by federal statute and the OOR erred in ordering disclosure of the W–2s to Requester in redacted form. As W–2s are exempt, the School District properly withheld them.

Requester and the OOR elected not to file briefs or argue the merits of their respective positions to this Court. While Requester did not contest non-existence of the 1099s on appeal, we address the OOR's handling of the issue because the OOR required the School District to file an affidavit as part of its order, upheld without opinion by the trial court.

■ Requester challenged only the School District's denial grounds as to W–

---

2. This Court's scope of review from a decision of a trial court in a case under the RTKL is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n. 6 (Pa.Cmwlth.), *appeal denied*, — Pa. ——, 29 A.3d 798 (2011).

3. The term "return information" means—
(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits ... tax withheld ... or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return....
26 U.S.C. § 6103(b).

2s, and thus waived any appeal as to the 1099s. *See Dep't of Corr.*[4] Because the public nature of W–2s was the only issue properly before the OOR, the OOR erred in addressing non-existence of 1099s and requiring an affidavit as part of its order. We note that absent a party seeking reconsideration from the OOR or remand by this Court, the OOR's jurisdiction ends with its final determination. Moreover, the OOR should not accept evidence submitted after the determination issues, as, presumably, the determination is reached based on the evidence timely submitted.

Based on the foregoing reasons, we reverse the trial court.

### ORDER

**AND NOW,** this 23rd day of February, 2012, the order of the Washington County Court of Common Pleas is **REVERSED.**

4. Focusing on its two-staged response to the Request, the School District argues that Requester's appeal was untimely as to the 1099s; thus, OOR lacked jurisdiction to enter an order dealing with the 1099s. The School District reaches the correct result, but its timing analysis is faulty.

Contrary to the School District's argument, Requester's appeal was not untimely. Requester properly appealed within 15 days of the School District's final response to her single request. A requester is not required to file multiple appeals of a single request simply because an agency provides its response in a piecemeal fashion.