IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Revenue,     :
                    Petitioner    :
                                 :
             v.             :  No.  1494 C.D. 2019
                                 :  Argued: June 7, 2021
Andrew Wagaman and The Morning    :
Call,                              :
                    Respondents   :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE J. ANDREW CROMPTON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED:  December 30, 2021

The Pennsylvania Department of Revenue (Department) petitions for review from the Office of Open Records' (OOR) final determination granting, in part, access to records Andrew Wagaman (Media Requester), a reporter for *The Morning Call*, sought under the Right-to-Know Law (RTKL).[1]  The Department argued that cumulative totals of certain taxes generated by businesses located in the Allentown Neighborhood Improvement Zone (NIZ) were exempt by the Tax Reform Code of 1971[2] (Tax Code) and Section 731 of The Fiscal Code, 72 P.S. §731.[3]  OOR determined that totals of tax revenue for tax types paid by three or more taxpayers in the NIZ were subject to disclosure because a taxpayer's liability was not readily discernible,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004.

[3] Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of June 6, 1939, P.L. 261.

whereas totals corresponding to one or two taxpayers were exempt in the interest of retaining their confidentiality.

This matter was initially argued in September 2020, and this Court issued an opinion affirming OOR. *See Pa. Dep't of Revenue v. Wagaman* (Pa. Cmwlth., No. 1494 C.D. 2019, filed Feb. 19, 2021) (reported) (withdrawn by order dated Apr. 20, 2021). The Department requested reargument asserting this Court erred in distinguishing tax returns from tax reports. This Court granted reargument and allowed additional briefs regarding a change in the relevant law. Following reargument and post-argument briefing, we reverse.

## I. Background

On July 8, 2019, Media Requester submitted a RTKL request (Request) to the Department's Open Records Officer for totals of tax revenues corresponding to each type of tax generated in the NIZ (Tax Totals). Specifically, the Request sought:

> A breakdown, by type of tax, of the [(A)] total business trust fund tax revenue attributable to the NIZ for the years 2016, 2017 and 2018, including but not limited to employer withholding and sales/use tax from businesses and contractors.

> A breakdown, by type of tax, of the [(B)] total corporate tax revenue and miscellaneous tax revenue attributable to the NIZ for the tax years 2016, 2017 and 2018, including but not limited to the personal income tax, bank shares tax, gross receipts tax, cigarette tax, unemployment compensation [tax] and malt beverage tax.

Reproduced Record (R.R.) at 6a (emphasis added). The Department denied the Request in its entirety, citing statutory exemptions in Section 731 of The Fiscal Code, 72 P.S. §731, and Sections 274, 353(f),[4] and 408(b) of the Tax Code, 72 P.S. §§7274, 7353(f), 7408(b) (collectively, Tax Statutes). It stated: "While [the Department] does release cumulative data with respect to both (A) business trust fund taxes

_____

[4] Added by the Act of August 31, 1971, P.L. 362.

2

attributable to the NIZ[,] and (B) corporate and miscellaneous taxes attributable to the NIZ[,] . . . to break that information down by tax type would violate the [Tax Statutes'] confidentiality provisions." R.R. at 4a (Denial).

Media Requester appealed the Denial to OOR pursuant to Section 1101(a) of the RTKL, 65 P.S. §67.1101(a). The appeal explained the Request sought totals of tax revenues, by type, underlying the NIZ certifications posted on the Department's website. Media Requester asserted that aggregate amounts of a type of tax gleaned from NIZ tax reports did not reveal confidential information, emphasizing he did "not reques[t] any information about any individual taxpayers." R.R. at 3a.

OOR assigned an appeals officer, advised the Department to notify interested third parties about the appeal,[5] and invited the parties to support their respective positions. *See* R.R. at 7a-8a. The Department submitted a position statement citing Section 1908-B in Article XIX-B of the Tax Code (NIZ Article),[6] 72 P.S. §8908-B, entitled "Confidentiality," as another basis for its Denial. R.R. at 13a-16a. It also submitted an affirmation of its Economic Development Coordinator (ED Coordinator), R.R. at 18a-20a (Affirmation), and a copy of the 2019 certification letter provided to the Secretary of the Budget pursuant to Section 1904-B(b) of the Tax Code,[7] 72 P.S. §8904-B(b), R.R. at 22a-23a.

---

[5] Although OOR advised, "**Agency Must Notify Third Parties**: If records . . . contain confidential . . . records of a . . . business entity," Reproduced Record (R.R.) at 8a (emphasis in original), there is no indication that the Department alerted any of the businesses in the NIZ about the RTKL appeal.

[6] Added by the Act of July 9, 2013, P.L. 270, 72 P.S. §§8901-B—8909-B.

[7] Section 1904-B(a.1) of the NIZ Article requires qualified businesses to file reports with the Department within 31 days of year's end regarding State taxes. 72 P.S. §8904-B(a.1).

In the Affirmation, the ED Coordinator explained the certification process under the NIZ Article whereby he verifies revenues from the NIZ by comparing the tax reports submitted by qualified businesses with their tax returns. Businesses located in the 128-acre NIZ file annual information reports regarding the State and local taxes paid. State and local tax revenues from the NIZ are paid into a fund designated for repayment of debt service and bonds issued by the local development authority to fund economic development projects in the zone, including an arena (Fund). The Department certifies the State taxes to be transferred to the Fund.

Media Requester submitted a position statement asserting that the Department's position that the Tax Statutes protected all information sourced from tax returns was untenable because many reports it generated and disclosed were sourced, at least partially, from tax returns. *See* R.R. at 26a. He pointed out that the Department did not explain the distinction between the cumulative totals and reports routinely disclosed and posted on its website, and the Tax Totals sought here. Further, he noted the Request did not seek "specific taxpayer identities and/or information gleaned from individual returns." *Id.* In addition, Media Requester attached a copy of an email from the Department's counsel agreeing to provide substantial compliance with the Request in exchange for withdrawing the OOR appeal. *See* R.R. at 28a.

When OOR contacted the Department to clarify the record and the basis for confidentiality, the Department provided a spreadsheet showing a breakdown by tax type for all the requested categories, except for "Other Taxes" (Spreadsheet). *See* Supplemental Certified Record (S.C.R.) at 1. The "Other Taxes" category includes: "Bank Shares Tax, Gross Receipts Tax, Gross Premiums Tax, Cigarette Tax, Tobacco Products Tax, Realty Transfer Tax, Liquor Tax, Malt Beverages Tax, and Vehicle Rental/Public Transportation Assistance Tax." *Id.*; *see also* Resp'ts' Br. at 5.

4

Referring to the Spreadsheet, OOR noted, "the number of taxpayers who [sic] pay each individual tax under the 'other taxes' category is quite low— is it possible for the Department to provide a brief attestation as to the number or estimated number of businesses which pay each tax, without the amount of tax paid?" R.R. at 40a. The Department responded:

> the Department has determined that providing the number of businesses which pay each tax, even without the amount of tax paid, would violate taxpayer confidentiality. The Pennsylvania taxes in the 'other taxes' category are taxes specific to particular industries in Pennsylvania. For instance, generally only banks pay bank share tax, only telephone and electric companies pay gross receipts tax, only insurance companies pay gross premiums, etc. The boundaries of the NIZ are publicly available online (see [website address]) so the general public is aware of the location of the NIZ. A simple Google search or merely being familiar with the City of Allentown would allow one to easily ascertain how many banks, telephone/electric companies, insurance companies, etc. are within the confines of the NIZ. That information, in conjunction, with a breakdown of the number of taxpayers in each of the 'other taxes' would violate Pennsylvania law, as cited in our July 25, 2019 letter [Denial], since whether or not a taxpayer filed or did not file a tax return is confidential taxpayer information.

R.R. at 39a.

Media Requester emphasized that he specifically "**did not** ask for the number of entities paying each tax," just the Tax Totals for each type of tax in the NIZ. R.R. at 38a (bold in original). Relevant here, he agreed that the "Department's confidentiality concerns are legitimate when only one or two entities are paying a particular tax. [He would] accept the 'Other Taxes' bucket if it only included those taxes paid by one or two entities." *Id.* (emphasis added) (Stipulation). Media Requester thus did not contest that confidentiality protected information sought

5

when taxpayer identity could be discerned, but not "when there are three or more taxpayers." *Id.*

OOR asked the Department to explain its reasoning for providing cumulative tax information in some cases, and not in this one. Essentially, the Department advised OOR that it could not show "how many entities paid any given tax category, as this would permit the determination of which businesses did or did not file returns." R.R. at 44a (emphasis added).

After multiple extensions, OOR issued a final determination that dismissed the appeal as moot in part, granted it in part, and denied it in part based on the number of taxpayers contributing to the Tax Totals for each tax type. *Wagaman & The Morning Call v. Pa. Dep't of Revenue*, OOR Dkt. No. AP 2019-1131 (issued Oct. 2, 2019) (Final Determination). As to the Tax Totals contained in the Spreadsheet, which resolved most of the Request, OOR deemed the appeal moot.

OOR evaluated access in light of the parties' conduct during the appeal. Notably, OOR determined that the fact that the requested information was derived in part from tax returns was not grounds for its protection. Critical to its rationale was the Department's voluntary disclosure of the Spreadsheet showing Tax Totals derived from the same source as the tax revenues comprising the "Other Taxes" category that the Department withheld with no statutory distinction. Therefore, OOR concluded the Tax Statutes were not absolute in their protection; rather, the confidentiality provisions were triggered when the total tax revenue was attributable to a small number of taxpayers such that a taxpayer's liability was discernible.

Applying this concept of confidentiality, OOR reasoned the Department properly protected the Tax Totals for certain taxes in the Other Taxes category when the type of tax (*e.g.*, bank shares tax) was paid by fewer than three businesses.

6

However, OOR underscored that the Department did not substantiate or explain how aggregated[8] totals from tax types with three or more taxpayers would divulge a business's tax liability to render such totals confidential.

Ultimately, OOR directed the Department to disclose the cumulative revenues generated by each tax in the Other Taxes category that was paid by three or more taxpayers. However, OOR upheld the Department's Denial as to the Tax Totals for types of taxes paid by one or two taxpayers.

The Department petitioned this Court for review, arguing that OOR erred in concluding responsive records were not "confidential taxpayer information" protected by the Tax Statutes, and in placing the burden of proof on the Department. The parties initially argued this matter in September 2020, and this Court issued an opinion affirming OOR. However, on March 5, 2021, the Department petitioned for reargument based on this Court's distinguishment between tax reports and tax returns under the Tax Statutes and as referenced in the Affirmation. Representing there was no difference between the two despite the terminology, the Department asked this Court to reconsider the matter. By order dated April 20, 2021, this Court granted reargument and withdrew the opinion.

Following reargument and post-argument briefing limited to the change in statutory language in one of the Tax Statutes, we reconsider the matter.

## II. Discussion

On reargument, this RTKL appeal presents a pure question of law, whether the Tax Statutes protect the requested Tax Totals. Therefore, we exercise plenary review. *See McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 397 n.13 (Pa.

---

[8] Though OOR used the term "aggregated tax data," we adopt the Department's terminology, which is "cumulative" tax information. *See* Pet'r's Br. at 6, 8. In context, it was clear OOR was not using "aggregated data" as a term of art under the definition in Section 102 of the RTKL, 65 P.S. §67.102; indeed, there is no reference to the RTKL definition in the Final Determination.

2021). The Department raised the Tax Statutes as statutory exemptions that protect the records in their entirety. *See* Section 305(a) of the RTKL, 65 P.S. §67.305(a) (records in an agency's possession are presumed public unless exempt "under any . . . State law"). The RTKL is clear; state statutes that designate the "public or nonpublic nature of a record" supersede the RTKL and its disclosure mandate. Section 306 of the RTKL, 65 P.S. §67.306; *see Highmark Inc. v. Voltz*, 163 A.3d 485 (Pa. Cmwlth. 2017) (*en banc*) (upholding insurance statutes as statutory exemption).

Here, the Department bore the burden to prove that the Tax Statutes and/or the NIZ Article protected the Tax Totals sought. *See Jones v. Off. of Open Recs.*, 993 A.2d 339 (Pa. Cmwlth. 2010). After OOR issued its Final Determination granting partial access to the requested records, the General Assembly amended one of the Tax Statutes, namely Section 731 of The Fiscal Code, 72 P.S. §731,[9] as follows:

> **Confidential Information.**—Except as provided by law, <u>any information gained</u> by any administrative department, board, or commission, <u>as a result of any</u> returns, <u>reports</u>, correspondence, claims, investigations, hearings, <u>certifications or verifications</u> required or authorized under the statutes of the Commonwealth imposing taxes or bonus for state purposes, or providing for the collection of the same, providing for credits as administered by the [Department] independently or in conjunction with other agencies or revenue transfers to improvement or economic development zones shall be confidential except for official purposes . . . .

72 P.S. §731 (Amendment) (emphasis supplied). The effective date of the Amendment was January 1, 2016. Because the addition of the term "report" to the definition of confidential information impacts our disposition, we re-analyze whether the requested records are exempt based on the new statutory language.

---

[9] Act of June 30, 2021, P.L. 24. The Amendment was expressly retroactive to January 1, 2016.

8

## A. Totals of Tax Revenues Generated in NIZ

At the outset, we assess the type of information sought in the Request. The Request seeks two categories of NIZ revenue: (A) business trust fund tax; and (B) corporate tax revenue/ miscellaneous tax revenue. With respect to both categories, the Request seeks a breakdown by type of tax for tax years 2016, 2017, and 2018. For Category A, the breakdown by type of tax includes: employer withholding and sales/use tax from businesses and contractors. For Category B, the breakdown by type of tax includes: personal income tax, bank shares tax, gross receipts tax, cigarette tax, unemployment compensation, and malt beverage tax.

Currently, only Allentown meets the definition of "City" in the NIZ Article. Section 1902-B of the Tax Code, 72 P.S. §8902-B. A "qualified business"[10] in the NIZ is eligible to receive state money for economic improvement. The Department advised:

> General fund and local tax revenues attributable to business in the zone may be used for the purpose of improvement and development within the zone and to construct a facility or facility complex within the zone. State taxes related to ownership and operation of any business located within the zone are used to repay bonds issued to fund various economic development projects within the zone, including a sports arena.

Pet'r's Br. at 5-6 n.4. In this context, the taxpayers are qualified businesses.

The Department claimed it was "prohibited from breaking down the amount of tax attributable to the NIZ beyond what was provided for in the certification letter because [T]he Fiscal Code and Tax Code[, *i.e.*, Tax Statutes] make information gained from such sources confidential." Pet'r's Br. at 7. Nevertheless, during the

---

[10] The NIZ Article defines "qualified business" as: "An entity authorized to conduct business in this Commonwealth which is located or partially located within [an NIZ] and is engaged in the active conduct of a trade or business for the taxable year." Section 1902-B of the Tax Code, 72 P.S. §8902-B (definitions).

9

appeal, the Department provided OOR with the Spreadsheet showing the Tax Totals and corresponding number of taxpayers of certain tax types. *See* S.C.R. at 1.

The Spreadsheet showed the Tax Totals for the three years requested (2016-2018) for the following tax categories: Employer Withholding Tax, UC (Unemployment Compensation) Tax, Sales and Use Tax (construction materials), Sales and Use Tax, Personal Income Tax, Sales and Use Tax (tangible personal property), and Corporate Net Income Tax. Relevant here, the Spreadsheet did *not* show a breakdown by tax type for the nine taxes in the Other Taxes category based on the few taxpayers of those tax types.[11] Only the Tax Totals for tax types within the "Other Taxes" category remain at issue in this appeal.

With regard to "Other Taxes," the Spreadsheet showed the following. As to 2016, it listed a total of $59,562,115.76 for the "Other Taxes" category, paid by 36 businesses, of which "**20** are attributable to Liquor, Malt or Wine for restaurant or bar bringing the subset down to **16** taxpayers for the other categories." S.C.R. at 1 (bold added). As to 2017, it stated there are 32 taxpayers of the "Other Taxes" category, 15 of which are attributable to Liquor, Malt or Wine for restaurant/bar. *Id.* As to 2018, it stated there were only 14 (down from 32) businesses paying "Other Taxes," 3 of which are attributable to Liquor, Malt or Wine for restaurant/bar. *Id.*

The issue currently before the Court pertains to the confidentiality of tax information when the Tax Statutes exempt certain information gained by the Department from certain sources.

Throughout the appeal, the Department distinguished its disclosure of Tax Totals in the Spreadsheet from the totals for the "Other Taxes" category in terms

---

[11] The fewest number of taxpayers shown by the Spreadsheet is 22 of corporate net income tax in 2018. Because the Department submitted the Spreadsheet to OOR during the appeal, it became part of the record on appeal available for public view and filed with this Court. *See* Section 1303(a) of the RTKL, 65 P.S. §67.1303(a).

of the discernibility of a taxpayer's tax liability. The Department maintained that providing any further breakdown of the Other Taxes than what is in the Spreadsheet would allow the public to deduce a taxpayer's liability and, in that manner, violate the confidentiality protections of the Tax Statutes. As the Department advised in its submission to OOR: "The reason . . . is that to provide the number of taxpayers [that] pay each tax and the amount collected for each tax would allow [Media Requester] and the general public . . . to ascertain, with little difficulty, tax liability for specific Pennsylvania taxpayers." R.R. at 35a.

### B. Statutory Exemptions – Tax Statutes & NIZ Article

The Department raised multiple statutory provisions in the Tax Statutes, which, prior to the Amendment, contained similar language as follows:

> Any information gained . . . as a <u>result of any returns</u>, investigations, hearings or verifications required or authorized <u>under the statutes</u> of the Commonwealth <u>imposing taxes</u> or . . . <u>providing for [their] collection</u> . . . shall be confidential except for official purposes . . . .

*See* 72 P.S. §731 (The Fiscal Code) (emphasis added); *see also* Sections 274, 353(f) and 408(b) of the Tax Code, 72 P.S. §§7274,[12] 7353(f),[13] 7408(b).[14] Common to all these provisions, confidentiality attaches based on the *source* of the information.

---

[12] Section 274 of the Tax Code, relating to "unauthorized disclosures," provides in pertinent part: "Any information gained by the [D]epartment as a result of any return, examination, investigation, hearing or verification, required or authorized by this article, shall be confidential, except for official purposes . . . ." 72 P.S. §7274.

[13] Section 353(f) of the Tax Code, relating to personal income tax, provides: "It shall be unlawful for any officer, agent or employe of the Commonwealth to divulge or to make known in any manner whatever, not provided by law, except for official purposes, to any person, the amount or source of income, profits, losses, expenditures or any particular thereof set forth or disclosed in any return . . . ." 72 P.S. §7353(f).

[14] Section 408(b) of the Tax Code provides in pertinent part: "Any information gained by the [D]epartment, as a result of any returns, investigations, or verifications required to be made by this article, shall be confidential, except for official purposes . . . ." 72 P.S. §7408(b).

11

Significantly, and relevant to our disposition on reargument, Section 731 of The Fiscal Code expanded the sources to include tax reports and certifications. *See* Amendment. The General Assembly added sources to which confidentiality attaches to expressly include tax reports and certifications as confidential records.

This Court recognizes that not only tax records are protected, but also "any 'information' gathered from those records cannot be divulged." *Scranton Times, L.P. v. Scranton Single Tax Off.*, 736 A.2d 711, 714 (Pa. Cmwlth. 1999); *see also Commonwealth v. Engelkemier*, 148 A.3d 522 (Pa. Cmwlth. 2016). Thus, the Department had the burden to prove that the Tax Totals by tax type originated from the tax records of the qualified businesses.

The information sought, *i.e.*, Total Taxes in the NIZ by tax type, is gained as a result of a tax report submitted under a statute imposing or collecting taxes. Specifically, the ED Coordinator for the Department stated in the Affirmation: "The process, through which tax dollars are certified, requires analysis from the NIZ informational report and from the tax record of each business required to file the report. Both of these are confidential tax information."[15] R.R. at 18a (emphasis supplied). The statutory definition of "confidential information" as expanded in the Amendment expressly includes "tax reports" required to be filed with the Department. Section 731 of The Fiscal Code, 72 P.S. §731. That includes the NIZ reports that are the sources of tax information here. Requester does not

---

[15] From the record, this Court understands the following. To prepare the Certification Letter, the Department reviews NIZ information reports and other tax records that qualified businesses are required to file. The NIZ reports are used to determine the taxes to which the qualified business may be subject. Separate from the NIZ Program, the Department validates tax payments through returns, schedules and other documents sent directly to the Department. The Department claims the Certification Letter is a result of reviewing tax reports and returns.

12

dispute that the requested Tax Totals are sourced from tax reports.[16] Construing the plain meaning of tax reports in accordance with Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1903, the NIZ reports constitute "confidential information" under the Amendment.

That the source of the Tax Totals was tax reports is supported by the record. Throughout the appeal, the Department maintained that, as to the cumulative information it releases for certain taxes, such "data does indeed ordinarily originate from tax returns and reports." R.R. at 35a.

The Tax Statutes do not permit disclosure of "return information" or confidential taxpayer information, like tax reports, except for "official purposes." The definition of "official purposes" adopted by the Department is "tax collection and administration purposes." *See* Att'y Gen. Op., 1990 LEXIS AG Pa. 1 (May 9, 1990). In analyzing the meaning of "official purposes" under The Fiscal Code, the analysis focuses on the source of the information and the use to which the information is put.

Our case law is clear that a RTKL request does not constitute "official purposes" so as to allow disclosure despite express exemption. *See McElfresh v. Dep't of Transp.*, 963 A.2d 582 (Pa. Cmwlth. 2008). As this Court reasoned when analyzing a RTKL request for tax information under the former open records statute:

> Reading Section 274 of the [Tax Code] as providing for disclosure, under the [former open records law], of otherwise statutorily protected tax information would result in a complete evisceration of the confidentiality provisions of both Sections 274 and 731, in that no effect could be given to those provisions in the face of any [] request,

---

[16] Initially, this Court distinguished between tax reports and tax returns, recognizing that the terms report and return were not synonymous. As the Amendment lists tax reports among the confidential information exempt under Section 731 of The Fiscal Code, 72 P.S. §731, the exemption is established.

and they would thusly be rendered mere surplusage. It is axiomatic that statutes shall be construed to give effect to all of their provisions in such a way that no provision becomes mere surplusage.

*McElfresh*, 963 A.2d at 584-85 (citing Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a)).

Further, the current RTKL renders the purpose of the request irrelevant. Since Section 1308 of the RTKL prohibits an agency from asking the purpose for the request, 65 P.S. §67.1308, the Department could not examine whether Media Requester's intended purpose for the information qualified as "official purposes."

Although OOR determined the Tax Totals were subject to disclosure to the extent that the tax liability of individual taxpayers was not discernible, the use of the information is not the touchstone for protection or disclosure. Where a statutory exemption is clear and expressly states a type of record is "confidential information," that designation supersedes any provision in the RTKL itself regarding a duty to disclose financial records.[17] *See* Section 306 of the RTKL, 65 P.S. §67.306. As a consequence, this Court need look no further than the Amendment's inclusion of tax reports to conclude that the information sought is exempt from disclosure. Therefore, on these legal grounds, we reverse OOR's Final Determination permitting partial disclosure of Tax Totals for certain tax types based on the number of taxpayers.

The confidential designation of NIZ tax reports in The Fiscal Code is consistent with the confidentiality provision in the NIZ Article (Section 1908-B of

---

[17] This Court is unpersuaded by Media Requester's novel contention that the Pennsylvania Constitution affords a constitutional right to access financial records. *See* Resp't's Reargument Br. at 7-9. To the extent Media Requester posited that the Tax Totals qualify as "financial records" under Section 102 of the RTKL, 65 P.S. §67.102, the RTKL designation of such records as public is of no moment because the Tax Statutes supersede the RTKL. Moreover, this argument was not preserved for review. *See* Section 1101(a) of the RTKL ("[t]he appeal shall state the grounds upon which the requester asserts that the record is a public record . . .").

the Tax Code, 72 P.S. §8908-B), which limits access to tax reports filed under the NIZ Article to certain entities. Section 1908-B states in full:

> Notwithstanding any law providing for the confidentiality of tax records, the contracting authority and the local taxing authorities shall have access to any reports and certifications filed under this article, and the contracting authority shall have access to any State or local tax information filed by a qualified business in the [NIZ] solely for the purpose of documenting the certifications required by this article. Any other use of the tax information shall be prohibited as provided under law.

*Id.* (emphasis supplied). Access is also limited to the "purpose of documenting the certifications required by [the NIZ] [A]rticle." *Id.*

### III. Conclusion

For the foregoing reasons, the Final Determination is reversed to the extent it granted access to Tax Totals.

_____
J. ANDREW CROMPTON, Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Revenue, : 
                          Petitioner : 
                                          :
                v. : No.  1494 C.D. 2019
                                          :
Andrew Wagaman and The Morning : 
Call, :
                          Respondents :

## **O R D E R**

        **AND NOW**, this 30th day of December 2021, the final determination of the Office of Open Records is **REVERSED**, to the extent it directed disclosure of certain tax totals for the reasons set forth in the accompanying opinion, and is **AFFIRMED** in all other material respects.

                                         _____

                                          J. ANDREW CROMPTON, Judge