# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

California University of Pennsylvania, : 
                      Petitioner : 
                            : 
            v. : No. 1491 C.D. 2018
                            : Argued: May 6, 2019
Gideon Bradshaw, : 
                    Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY JUDGE BROBSON     FILED:  May 31, 2019

California University of Pennsylvania (the University) petitions for review of the October 15, 2018 final determination (Final Determination) of the Pennsylvania Office of Open Records (OOR) under the Right-to-Know Law (RTKL).[1] In the Final Determination, the OOR granted the appeal of Respondent Gideon Bradshaw (Respondent) and directed the University to provide Respondent with records related to donations from Manheim Corporation to The Foundation for California University of Pennsylvania (the Foundation) pursuant to Respondent's RTKL request. For the reasons that follow, we will affirm the Final Determination.

Respondent filed a RTKL request with the Open Records Officer of the University seeking "all records related to donations from Manheim [Corporation] to [the Foundation] between [January 1, 2008,] and [December 31, 2013], and all

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

records identifying the uses of those funds." (Reproduced Record (R.R.) at 002a). The Open Records Officer denied Respondent's request on two bases: (1) the University does not possess donation records of the Foundation; and (2) the requested donation records are exempt from RTKL access pursuant to Section 708(b)(13) of the RTKL, 65 P.S. § 67.708(b)(13).

Respondent appealed the denial to the OOR. During the appeal proceeding before the OOR, Respondent submitted a copy of a Memorandum of Understanding (MOU) between the University and the Foundation. He argued that the MOU shows that the Foundation manages donations on behalf of the University, making the Foundation's records subject to RTKL requests directed to the University. The University submitted a position statement in which it explained that the requested records are exempt from disclosure under Section 708(b)(13) of the RTKL because Manheim Corporation is an "individual" for purposes of that section. In the Final Determination granting Respondent's appeal, the OOR first concluded that the University's position statement "no longer argue[d] that [the University] does not possess the requested records." (OOR decision, attached to Br. of Petitioner, Appendix A at 2.) The OOR then concluded, based on its own earlier decision,[2] that the requested donation records are not exempt from access and granted Respondent's appeal. The University petitioned this Court for review.

---

[2] In the Final Determination, the OOR quoted at length from its own decision addressing this same issue in *Roxbury News v. City of Harrisburg*, OOR Docket No. AP 2012-1748. In particular, the OOR reiterated that "only the identities of natural persons are exempt from disclosure under Section 708(b)(13) of the RTKL." (OOR decision, attached to Br. of Petitioner, Appendix A at 5 (quoting *Roxbury News*, OOR Docket No. AP 2012-1748, slip op. at 6).)

2

On appeal,[3] the University argues that the OOR erred in determining that the requested records are not exempt from access under Section 708(b)(13) of the RTKL. The records are exempt, the University claims, because the word "individual" is not defined in the RTKL and must be construed under Pennsylvania law to include corporations as well as natural persons. The University also asserts that the OOR erred in determining that the University must disclose donation records of the Foundation.

We first address whether the requested records are exempt from disclosure under Section 708(b)(13) of the RTKL. That section provides:

> (b) **Exceptions.**--Except as provided in subsections (c) and (d) [relating to redaction of financial records and aggregated data], the following are exempt from access by a requester under [the RTKL]:
>
> . . . .
>
> (13) Records that would disclose the identity of an *individual* who lawfully makes a donation to an agency unless the donation is intended for or restricted to providing remuneration or personal tangible benefit to a named public official or employee of the agency, including lists of potential donors compiled by an agency to pursue donations, donor profile information or personal identifying information relating to a donor.

65 P.S. § 67.708(b)(13) (emphasis added).

The University urges us to construe the term "individual" as used in that section to include corporations and not only "natural persons" or human beings. In support of this, the University cites provisions from two Pennsylvania statutes which, it argues, must be read *in pari materia* with the RTKL and should compel us to construe the term "individual" to include corporations. First, the Associations

---

[3] On appeal from the OOR in RTKL cases, this Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

Code[4] gives to business and nonprofit corporations "the legal capacity of natural persons to act," including the power "[t]o make contributions and donations." 15 Pa. C.S. §§ 1501-02(a)(9), 5501-02(a)(9). Second, Section 301 of the Tax Reform Code of 1971 (Tax Code)[5] provides that "'[i]ndividual' means a natural person and shall include the members of a partnership or association and the shareholders of a Pennsylvania S corporation." The University claims that these statutes recognize a corporation as an individual and that Section 708(b)(13) of the RTKL does the same, thereby exempting records of corporate donations from access under the RTKL. In addition, the University argues that cases limiting constitutional privacy interests to natural persons are not relevant to the construction of "individual" under the RTKL.

Respondent argues that the definition of "individual" contained in the Statutory Construction Act of 1972 (the Statutory Construction Act)[6] should control because the context of the RTKL does not clearly indicate otherwise. Respondent asserts that the General Assembly's use of the terms "individual" and "person" in the RTKL is consistent with the Statutory Construction Act's definitions and confirms that "individual" in Section 708(b)(13) of the RTKL means "natural person" and does not include corporations. As further support for that interpretation, Respondent cites case law restricting constitutional privacy interests to natural persons only.

---

[4] 15 Pa. C.S. §§ 101-9507.

[5] Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of August 31, 1971, P.L. 362, 72 P.S. § 7301. The University refers to this section as part of the "Fiscal Code," an earlier statute, though it actually carries the short title we use here.

[6] 1 Pa. C.S. §§ 1501-1991.

The meaning of the term "individual" in Section 708(b)(13) of the RTKL is a matter of first impression to which we will apply principles of statutory construction.[7] Initially, we note that all agency records are presumed public and accessible under the RTKL unless the agency proves by a preponderance of the evidence that the record is exempt from disclosure. *See Bowling*, 75 A.3d at 457. Because of this presumption of accessibility and its underlying purposes, exceptions to access under the RTKL are to be narrowly construed. *Pa. State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014) (en banc).

The Pennsylvania Supreme Court has outlined the appropriate approach to construing the RTKL: "Generally, the best indication of legislative intent is the statute's plain language. Further, the plain language of each section of a statute must be read in conjunction with one another, construed with reference to the entire statute." *Bowling*, 75 A.3d at 466 (citation omitted). Only when a statute is ambiguous, however, will a reviewing court look beyond the plain language of the statute to ascertain the General Assembly's intent. *See id.*; *see also Whitmoyer v. Workers' Comp. Appeal Bd. (Mountain Country Meats)*, 186 A.3d 947, 954 (Pa. 2018) ("[I]n determining whether language is clear and unambiguous, we must assess it in the context of the overall statutory scheme, construing all sections with reference to each other, not simply examining language in isolation."). Of particular significance to our statutory construction analysis is Section 1991 of the Statutory Construction Act, 1 Pa. C.S. § 1991, which provides, in relevant part:

---

[7] This Court has discussed the effect of Section 708(b)(13) of the RTKL in three cases, none of which concerned the meaning of "individual." *See City of Harrisburg v. Prince*, 186 A.3d 544 (Pa. Cmwlth.) (en banc), *appeal granted*, 197 A.3d 1170 (Pa. 2018); *Municipality of Mt. Lebanon v. Gillen*, 151 A.3d 722 (Pa. Cmwlth. 2016), *appeal denied*, 169 A.3d 539 (Pa. 2017); *E. Stroudsburg Univ. Found. v. Office of Open Records*, 995 A.2d 496 (Pa. Cmwlth. 2010) (en banc), *appeal denied*, 20 A.3d 490 (Pa. 2011).

The following words and phrases, when used in any statute finally enacted on or after September 1, 1937, *unless the context clearly indicates otherwise*, shall have the meanings given to them in this section:

. . . .

"**Individual.**" A natural person.

. . . .

"**Person.**" Includes a corporation, partnership, limited liability company, business trust, other association, government entity (other than the Commonwealth), estate, trust, foundation or natural person.

(Emphasis added.)

Reading the RTKL as a whole, it is apparent that the General Assembly used two terms to identify the beneficiaries of certain exceptions to disclosure— "individual," the meaning of which is at issue in the instant case, and "person." The RTKL does not explicitly define either term. As we have discussed, however, the Statutory Construction Act defines both. An "individual" is a "natural person," while the broader term "person" includes both natural persons and other types of entities, such as corporations. *See* 1 Pa. C.S. § 1991. Under those definitions, a corporation is a "person," but it is not an "individual." As Respondent points out, the General Assembly's use of those two terms in Section 708 of the RTKL was deliberate. Instances of the term "individual" in that section obviously apply to natural persons only ("an *individual's* medical, psychiatric or psychological history," Section 708(b)(5) of the RTKL; "test scores of *individuals*," *id.* at (b)(7)(iii); "life or physical safety of an *individual*," *id.* at (b)(16)(vi)(E); "an *individual* who applies for or receives social services," *id.* at (b)(28)(i) (emphasis added)). In phrases applicable to both natural persons and other entities such as corporations, the General Assembly used the term "person" ("[d]eprive a *person* of the right to a fair trial or an impartial adjudication," *id.* at (b)(16)(vi)(B);

6

"[c]orrespondence between a *person* and a member of the General Assembly," *id.* at (b)(29) (emphasis added)).

Applying Section 1991 of the Statutory Construction Act, we conclude that the context surrounding Section 708(b)(13) of the RTKL does not clearly indicate that the General Assembly intended to depart from the definitions set forth in Section 1991 of the Statutory Construction Act.[8] Instead, context confirms that the opposite is true—the term "individual" in Section 708(b)(13), like other instances of that term in other exceptions, means "[a] natural person," as set forth in the Statutory Construction Act. Thus, we will apply the definition of "individual" set forth in Section 1991 of the Statutory Construction Act. This interpretation gives effect to the precise language the General Assembly used in crafting the RTKL access exceptions, and it narrowly construes the exception in Section 708(b)(13) as we must.[9] We conclude, therefore, that the records requested in this case are not exempt from access under Section 708(b)(13) because Manheim Corporation is not an "individual" for purposes of that section.

---

[8] The University's citations to various statutes fail to demonstrate that context demands a departure from the Statutory Construction Act's definition of "individual." The Associations Code merely confers on corporations "the legal capacity of natural persons to act." 15 Pa. C.S. § 1501. It does not equate corporations with, or define them as, "individuals." That corporations have "the power . . . to make contributions and donations," 15 Pa. C.S. § 1502(a)(9), in no way implies that corporate donors are "individuals"—a category which the RTKL unambiguously restricts to "natural persons." Further, Section 301 of the Tax Code defines the term "individual" as "a natural person[, including] the members of a partnership or association and the shareholders of a Pennsylvania S corporation." Thus, contrary to the University's claim, Section 301 of the Tax Code supports our conclusion, given that it expressly defines "individual" as "a natural person."

[9] Because the meaning of the term "individual" in Section 708(b)(13) of the RTKL is clear and unambiguous, we do not examine other arguments concerning its meaning, such as consideration of constitutional privacy interests.

Finally, we address the University's obligation to provide access to the requested donation records of the Foundation. When a private foundation performs fundraising pursuant to an MOU with a university, the fundraising is a governmental function that the foundation is performing on behalf of the university. *E. Stroudsburg*, 995 A.2d at 505-06. Pursuant to Section 506(d)(1) of the RTKL, 65 P.S. § 67.506(d)(1), records directly related to governmental functions are "public record[s] of the agency" which are accessible through the RTKL.[10] The certified record in the instant matter reveals that the Foundation is engaged in performing a governmental function to the extent that it fundraises and manages donations on the University's behalf pursuant to the MOU, thereby rendering records directly related to those activities public records of the University. As such, the University must disclose them pursuant to Section 506(d) of the RTKL, as it would any responsive records in its own actual possession.[11] We conclude, therefore, that the OOR did not err in granting Respondent's appeal.

---

[10] Section 506(d)(1) of the RTKL provides:

(d) **Agency possession.--**

(1) A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

[11] The University suggests that the Foundation may collect donations which are not connected to the fundraising activities the Foundation conducts pursuant to the MOU and that records of such unconnected donations are "not automatically records of the University." (Petitioner's Br. at 21.) Based on the certified record in this case, however, it appears that Respondent's RTKL request seeks records that *are* directly related to the governmental function the Foundation performs on the University's behalf, and the University does not contend otherwise. Thus, the circumstance described by the University is not relevant to our analysis; regardless, we emphasize that the correct inquiry in any case addressing Section 506(d)(1) of the RTKL (concerning records of third party contractors) is to ask whether the particular records

Accordingly, we will affirm the Final Determination.



P. KEVIN BROBSON, Judge

---

requested are directly connected to a governmental function performed on an agency's behalf. This precise inquiry is necessary because the RTKL exposes to public access "only those records in a contractor's possession that relate to [the governmental] function, not other records that a contractor maintains during the normal scope of business." *E. Stroudsburg*, 995 A.2d at 504.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

California University of Pennsylvania, : 
                           Petitioner :
                                      :
                     v.               :   No. 1491 C.D. 2018
                                      :
Gideon Bradshaw,                      :
                          Respondent  :

# **O R D E R**

AND NOW, this 31st day of May, 2019, the Final Determination of the Office of Open Records, dated October 15, 2018, is AFFIRMED.

 

P. KEVIN BROBSON, Judge
