# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky, : 
            Petitioner : 
             : 
       v. :   No. 598 C.D. 2019
             :   Submitted: September 20, 2019
Pennsylvania Department : 
of Corrections, : 
            Respondent : 


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  November 8, 2019**


Bruce L. Wishnefsky (Wishnefsky) petitions, *pro se*, for review of a final determination (Determination) of the Office of Open Records (OOR), issued April 16, 2019, denying Wishnefsky's request for information pursuant to the Right-to-Know Law (RTKL).[1]  For the reasons that follow, we affirm.

On February 8, 2019, Wishnefsky, an inmate at the State Correctional Institution at Laurel Highlands, submitted a RTKL request with the Pennsylvania Department of Corrections (Department), seeking the following information:

> [A]ny contract, policy, procedure, administrative manual,
> or similar record that discusses the "Ref:" printed on some
> documents mailed to the P.O. Box 33028 in St. Petersburg,

---

[1] Act of Feb. 14, 2008, P.L. 6, 65 P.S. §§ 67.101-3104.

FL 33733, and followed by a six[-]digit number, in any way, including, but not limited to, whether the decision to print or not print the "Ref:" and [six][-]digit number on the document given to the inmate[] is made by Smart Communications or [the Department].

(Certified Record (C.R.), Item No. 1 at 5.)  On February 11, 2019, the Department attempted[2] to supply Wishnefsky with an interim response extending its time for providing a final response pursuant to Section 902 of the RTKL, 65 P.S. § 67.902.[3] Thereafter, on March 5, 2019, the Department sent to Wishnefsky its final determination, which provides, in relevant part:

> Your request for "any contract, policy, procedure, administrative manual, or similar record" pertaining to the Reference ID assigned to inmate mail is denied for the following reason:
>
>> The record(s) that you requested do not currently exist. . . .
>
>> While "any contract, policy, procedure, administrative manual, or similar record" does not exist, we can provide an explanation of the Reference ID assigned to inmate mail, which is as follows:
>
>>> Smart Communications assigns a Reference ID to each piece of inmate mail when it is scanned into

---

[2] On February 23, 2019, the United States Postal Service returned the interim response to the Department with a notation on the return envelope that the document was "refused."  (C.R., Item No. 3, Ex. B.)  In an affidavit submitted to the OOR, the Department attested that on February 28, 2019, the Department re-sent the interim response to Wishnefsky.  (*Id.* at Ex. A.)

[3] Section 902 of the RTKL provides, in relevant part:

> The notice shall include a statement notifying the requester that the request for access is being reviewed, the reason for the review, a reasonable date that a response is expected to be provided and an estimate of applicable fees owed when the record becomes available.  If the date that a response is expected to be provided is in excess of 30 days, following the five business days allowed for in [S]ection 901 [of the RTKL, 65 P.S. § 67.901], the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.

> the electronic system. This ID is used to locate the mail in the electronic system and for IT purposes. The Reference ID number is printed on the bottom of each page of printed mail for grievance purposes. It is easier to track down a piece of mail in the electronic system with the reference ID rather than a description of the mail in question. Inmates can include the Reference ID number on their grievances pertaining to mail so the grievance office[r]s know exactly which piece of mail they are grieving.

(C.R., Item No. 3, Ex. C.)

On March 22, 2019, Wishnefsky appealed the Department's denial of his RTKL request to the OOR pursuant to Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1).[4]  (C.R., Item No. 1 at 2.)  The OOR gave the parties an opportunity to submit "information and legal argument" in support of the parties' positions.  (C.R., Item No. 2 at 2.)  In support of its position, the Department submitted a legal memorandum and accompanying exhibits, one of which is an affidavit made under penalty of perjury and submitted by the Department's Open Records Officer, Andrew Filkosky (Filkosky).  (C.R., Item No. 3, Ex. A.)  The affidavit provides, in relevant part:

> 9. The request was denied because following a good faith search that included reviewing the Department's contract with Smart Communication[s], the

---

[4] Section 1101(a)(1) of the RTKL provides:

> If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records . . . within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial.  The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

3

DC-ADM 803[5] and speaking with staff that frequently communicates with Smart Communications, it was explained that a record did not exist.

10. However, I provided a detailed explanation regarding the "Reference ID" that . . . Wishnefsky inquired about.

(*Id.* (citations omitted)). On April 16, 2019, the OOR issued a final determination denying Wishnefsky's appeal. (C.R., Item No. 5.) In doing so, the OOR determined that, through Filkosky's affidavit attesting to the nonexistence of responsive records, the Department met its burden to prove that it had no responsive documents in its control. (*Id.* at 2.) Wishnefsky requested reconsideration from the OOR on April 30, 2019, and the OOR denied his request by letter dated May 10, 2019. (Supplemental Record (S.R.), Item Nos. 1-2.) Wishnefsky now petitions this Court for review.

On appeal,[6] Wishnefsky argues that the OOR committed an error of law by concluding that the Department met its burden of proving that it had no responsive documents in its control. Specifically, Wishnefsky argues that the Department's explanation concerning the Reference ID is circumstantial evidence that the Department possesses, or is in control of, a responsive record. In response, the Department maintains that it has no such responsive record in its control.

---

[5] DC-ADM 803 pertains, generally, to communication with inmates through the mail system. We take judicial notice of Department policy DC-ADM 803, which appears on the Department's official website at:

https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf.

(last visited Oct. 9, 2019). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on Department's website).

[6] In reviewing a final determination of the OOR, "this Court's standard of review is *de novo* and our scope of review is plenary." *Cal. Univ. of Pa. v. Bradshaw*, 210 A.3d 1134, 1136 n.3 (Pa. Cmwlth. 2019).

4

In *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190 (Pa. Cmwlth. 2011), this Court discussed the purpose of the RTKL and the role that state agencies have under its scheme. In doing so, this Court explained:

> The RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." As such, any information falling within the RTKL's broad definition of "record" must be disclosed if requested. *However, an agency is not required to create a record if the requested record does not exist. Nor is it required to compile the record in a new or novel format.* The burden of proving a record does not exist, or is exempt from disclosure, is placed on the agency responding to the right-to-know request. This Court has stated that an agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record.

*Hodges*, 29 A.3d at 1192 (emphasis added) (citations omitted). Further, "[i]n the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, 'the averments in [the Department's] affidavits should be accepted as true.'" *Smith Butz, LLC v. Pa. Dep't of Envtl. Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016) (quoting *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014)).

In the instant matter, Wishnefsky made a broad request for "*any . . . record* that discusses the 'Ref:' [number] . . . *in any way, including, but not limited to*, whether the decision to print the six[-]digit number on the document given to the inmate is made by Smart Communications or [the Department]." (C.R., Item No. 1 at 5.) Filkosky, as Department's Open Records Officer, attested to the nonexistence of responsive records by stating, also in broad terms, that: "The request

5

was denied because following a good faith search that included reviewing the Department's contract with Smart Communication[s], the DC-ADM 803 and speaking with staff that frequently communicates with Smart Communications, it was explained that a record did not exist." (C.R., Item No. 3, Ex. A.) Wishnefsky's sole contention is that the Department's ability to provide an explanation of the Reference ID number's usage and purpose is circumstantial evidence[7] that the Department has in its control a record responsive to Wishnefsky's request. We do not believe that the Department's ability to explain the Reference ID number system to Wishnefsky is enough to conclude that the Department possesses a responsive record. Further, the fact that the Department is able to provide an explanation of the Reference ID system to Wishnefsky does not outweigh Filkosky's attestation that he conducted a good faith search of the Department's records and could not find a record responsive to Wishnefsky's RTKL request. We, therefore, agree with the OOR's final determination in its conclusion that the Department has satisfied its burden to prove nonexistence of a record responsive to Wishnefsky's request.

Based on the above discussion, the final determination of the OOR is affirmed.

P. KEVIN BROBSON, Judge

---

[7] Circumstantial evidence, "[w]hen properly proved, . . . is entitled to as much weight as direct evidence." *Monaci v. State Horse Racing Comm'n*, 717 A.2d 612, 618 (Pa. Cmwlth. 1998). In order to "reasonably infer a factual conclusion" from circumstantial evidence, however, "the evidence must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion so as to outweigh . . . any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Id.*

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,                          :
                 Petitioner        :
                                      :
         v.                          :   No. 598 C.D. 2019
                                        :
Pennsylvania Department                       :
of Corrections,                               :
                 Respondent        :

## **O R D E R**

AND NOW, this 8th day of November, 2019, the final determination of the Office of Open Records (OOR), issued April 16, 2019, is hereby AFFIRMED.

 

                                   _____

                                   P. KEVIN BROBSON, Judge