IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Revenue,      :
                              Petitioner :
                                         :
                   v.                    : No.  1494 C.D. 2019
                                         : Argued:  September 17, 2020
Andrew Wagaman and The Morning           :
Call,                                    :
                              Respondents :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE J. ANDREW CROMPTON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE CROMPTON                    FILED:      February 19, 2021


          The Pennsylvania Department of Revenue (Department) petitions for review from the Office of Open Records (OOR) final determination granting, in part, access to records Andrew Wagaman (Media Requester), a reporter for *The Morning Call*, sought under the Right-to-Know Law (RTKL).[1]  The Department argued that cumulative totals of certain taxes generated by businesses located in the Allentown Neighborhood Improvement Zone (NIZ) were exempt by the Tax Reform Code of 1971[2] (Tax Code) and Section 731 of The Fiscal Code, 72 P.S. §731.[3]  OOR determined that totals of tax revenue for tax types paid by three or more taxpayers in the NIZ were subject to disclosure because a taxpayer's liability was not readily discernible, whereas totals corresponding to one or two taxpayers were exempt in the interest of retaining their confidentiality.  Based on this record, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7101-10004.

[3] Act of April 9, 1929, P.L. 343, *as amended*, added by the Act of June 6, 1939, P.L. 261.

# I. Background

On July 8, 2019, Media Requester submitted a RTKL request (Request) to the Department's Open Records Officer for totals of tax revenues corresponding to each type of tax generated in the NIZ (Tax Totals). Specifically, the Request sought:

> A breakdown, by type of tax, of the [(A)] total business trust fund tax revenue attributable to the NIZ for the years 2016, 2017 and 2018, including but not limited to employer withholding and sales/use tax from businesses and contractors.
>
> A breakdown, by type of tax, of the [(B)] total corporate tax revenue and miscellaneous tax revenue attributable to the NIZ for the tax years 2016, 2017 and 2018, including but not limited to the personal income tax, bank shares tax, gross receipts tax, cigarette tax, unemployment compensation and malt beverage tax.

Reproduced Record (R.R.) at 6a (emphasis added). The Department denied the Request in its entirety, citing statutory exemptions in Section 731 of The Fiscal Code, 72 P.S. §731, and Sections 274, 353(f),[4] and 408(b) of the Tax Code, 72 P.S. §§7274, 7353(f), 7408(b) (collectively, Tax Statutes). It stated: "While [the Department] does release cumulative data with respect to both (A) business trust fund taxes attributable to the NIZ[,] and (B) corporate and miscellaneous taxes attributable to the NIZ[,] . . . to break that information down by tax type would violate the [Tax Statutes'] confidentiality provisions." R.R. at 4a (Denial).

Media Requester appealed the Denial to OOR pursuant to Section 1101(a) of the RTKL, 65 P.S. §67.1101(a). The appeal explained the Request sought totals of tax revenues, by type, underlying the NIZ certifications posted on the Department website. Media Requester asserted that aggregate amounts of a type of tax gleaned from NIZ tax reports did not reveal confidential information, emphasizing he did "not reques[t] any information about any individual taxpayers." R.R. at 3a.

---

[4] Added by the Act of August 31, 1971, P.L. 362.

OOR assigned an appeals officer, advised the Department to notify interested third parties about the appeal,[5] and invited the parties to support their respective positions. *See* R.R. at 7a-8a. The Department submitted a position statement citing Section 1908-B in Article XIX-B of the Tax Code (NIZ Article),[6] 72 P.S. §8908-B, entitled "Confidentiality," as another basis for its Denial. R.R. at 13a-16a. It also submitted an affirmation of its Economic Development Coordinator (ED Coordinator), R.R. at 18a-20a (Affirmation), and a copy of the 2019 certification letter provided to the Secretary of the Budget pursuant to Section 1904-B(b) of the Tax Code,[7] 72 P.S. §8904-B(b), R.R. at 22a-23a.

In the Affirmation, the ED Coordinator explained the certification process under the NIZ Article whereby he verifies revenues from the NIZ by comparing the tax reports submitted by qualified businesses with their tax returns. Businesses located in the 128-acre NIZ file annual information reports regarding the State and local taxes paid. State and local tax revenues from the NIZ are paid into a fund designated for repayment of debt service and bonds issued by the local development authority to fund economic development projects in the zone, including an arena (Fund). The Department certifies the state taxes to be transferred to the Fund.

Media Requester submitted a position statement asserting that the Department's position that the Tax Statutes protected <u>all</u> information sourced from tax returns was untenable because many reports it generated and disclosed were

---

[5] Although OOR advised, "**Agency Must Notify Third Parties**: If records . . . contain confidential . . . records of a . . . business entity," Reproduced Record (R.R.) at 8a (emphasis in original), there is no indication that the Department alerted any of the businesses in the NIZ about the RTKL appeal.

[6] Added by the Act of July 9, 2013, P.L. 270, 72 P.S. §§8901-B-8909-B (NIZ Article).

[7] Section 1904-B(a.1) of the NIZ Article requires qualified businesses to file reports with the Department within 31 days of year's end regarding State taxes. 72 P.S. §8904-B(a.1).

3

sourced, at least partially, from tax returns. *See* R.R. at 26a. He pointed out that the Department did not explain the distinction between the cumulative totals and reports routinely disclosed and posted on its website, and the Tax Totals sought here. Further, he noted the Request did not seek "specific taxpayer identities and/or information gleaned from individual returns." *Id.* In addition, Media Requester attached a copy of an email from the Department's counsel agreeing to provide substantial compliance with the Request in exchange for withdrawing the OOR appeal. *See* R.R. at 28a.

When OOR contacted the Department to clarify the record and the basis for confidentiality, the Department provided a spreadsheet showing a breakdown by tax type for all the requested categories, except for "Other Taxes" (Spreadsheet). *See* Supplemental Certified Record (S.C.R.) at 1. The "Other Taxes" category includes: "Bank Shares Tax, Gross Receipts Tax, Gross Premiums Tax, Cigarette Tax, Tobacco Products Tax, Realty Transfer Tax, Liquor Tax, Malt Beverages Tax, and Vehicle Rental/Public Transportation Assistance Tax." *Id.*; *see also* Resp'ts' Br. at 5.

Referring to the Spreadsheet, OOR noted, "the number of taxpayers who [sic] pay each individual tax under the 'other taxes' category is quite low— is it possible for the Department to provide a brief attestation as to the number or estimated number of businesses which pay each tax, without the amount of tax paid?" R.R. at 40a. The Department responded:

> <u>the Department has determined that providing the number of businesses which pay each tax, even without the amount of tax paid, would violate taxpayer confidentiality</u>. The Pennsylvania taxes in the 'other taxes' category are taxes specific to particular industries in Pennsylvania. For instance, generally only banks pay bank share tax, only telephone and electric companies pay gross receipts tax, only insurance companies pay gross premiums, etc. The boundaries of the NIZ are publicly available online (see [website address]) so the general public is aware of the location of the NIZ. A simple Google search or merely

4

being familiar with the City of Allentown would allow one to easily ascertain how many banks, telephone/electric companies, insurance companies, etc. are within the confines of the NIZ. That information, **in conjunction, with a breakdown of the number of taxpayers** in each of the 'other taxes' would violate Pennsylvania law, as cited in our July 25, 2019 letter [Denial], since whether or not a taxpayer filed or did not file a tax return is confidential taxpayer information.

R.R. at 39a (emphasis added).

Media Requester emphasized that he specifically "**did not** ask for the number of entities paying each tax," just the Tax Totals for each type of tax in the NIZ. R.R. at 38a (bold in original). Relevant here, he agreed that the "Department's confidentiality concerns are legitimate when only one or two entities are paying a particular tax. [He]'d accept the 'Other Taxes' bucket if it only included those taxes paid by one or two entities." *Id.* (emphasis added) (Stipulation). Media Requester thus did not contest that confidentiality protected information sought when taxpayer identity could be discerned, but not "when there are three or more taxpayers." *Id.*

OOR asked the Department to explain its reasoning for providing cumulative tax information in some cases, and not in this one. Essentially, the Department advised OOR that it could not show "how many entities paid any given tax category, as this would permit the determination of which businesses did or did not file returns." R.R. at 44a (emphasis added).

After multiple extensions, OOR issued a final determination that dismissed the appeal as moot in part, granted it in part, and denied it in part based on the number of taxpayers contributing to the Tax Totals for each tax type. *Wagaman & The Morning Call v. Pa. Dep't of Revenue*, OOR Dkt. No. AP 2019-1131 (issued Oct. 2, 2019) (Final Determination). As to the Tax Totals contained in the Spreadsheet, which resolved most of the Request, OOR deemed the appeal moot.

5

OOR evaluated access in light of the parties' conduct during the appeal. Notably, OOR determined that the fact that the requested information was derived in part from tax returns was not grounds for its protection. Critical to its rationale was the Department's voluntary disclosure of the Spreadsheet showed Tax Totals derived from the same source as the tax revenues comprising the "Other Taxes" category that the Department withheld with no statutory distinction. Therefore, OOR concluded the Tax Statutes were not absolute in their protection; rather, the confidentiality provisions were triggered when the total tax revenue was attributable to a small number of taxpayers such that a taxpayer's liability was discernible.

Applying this concept of confidentiality, OOR reasoned the Department properly protected the Tax Totals for certain taxes in the Other Taxes category when the type of tax (*e.g.*, bank shares tax) was paid by fewer than three businesses. However, OOR underscored that the Department did not substantiate or explain how aggregated[8] totals from tax types with three or more taxpayers would divulge a business's tax liability to render such totals confidential.

Ultimately, based on this record, OOR directed the Department to disclose the cumulative revenues generated by each tax in the Other Taxes category that was paid by three or more taxpayers. However, OOR upheld the Department's Denial as to the Tax Totals for types of taxes paid by one or two taxpayers.

The Department petitioned this Court for review, arguing that OOR erred in concluding responsive records were not "confidential taxpayer information" protected by the Tax Statutes, and in placing the burden of proof on the Department. After briefing and argument, the matter is ready for disposition.

---

[8] Though OOR used the term "aggregated tax data," we adopt the Department's terminology, which is "cumulative" tax information. *See* Pet'r's Br. at 6, 8. In context, it was clear OOR was not using "aggregated data" as a term of art under the definition in Section 102 of the RTKL, 65 P.S. §67.102; indeed, there is no reference to the RTKL definition in the Final Determination.

6

## II. Discussion

Records in the Department's possession are presumed "public" unless they are: (1) excepted from disclosure by Section 708(b) of the RTKL; (2) protected by a privilege; or (3) exempt "under any other Federal or State law or regulation or judicial order or decree." Section 305(a) of the RTKL, 65 P.S. §67.305(a) (emphasis added). State statutes that designate the "public or nonpublic nature of a record" supersede the RTKL. Section 306 of the RTKL, 65 P.S. §67.306; *see Highmark Inc. v. Voltz*, 163 A.3d 485 (Pa. Cmwlth. 2017) (*en banc*) (upholding insurance statutes as exemption). "[A]gency records which are exempt from disclosure under other state . . . laws . . . are, in turn, excluded from the RTKL's definition of 'public record'" and thus exempt. *Easton Area Sch. Dist. v. Miller*, 232 A.3d 716, 728 (Pa. 2020) (citations omitted).

It bears emphasis that the burden of proving an exemption to disclosure falls squarely on the agency. *See Jones v. Off. of Open Records*, 993 A.2d 339 (Pa. Cmwlth. 2010). Here, the Department bore the burden to prove that the Tax Statutes and/or the NIZ Article protected the Tax Totals sought. OOR committed no legal error in holding the *Department* had to submit evidence showing its asserted exemptions applied, including that the information at issue was protected thereunder.

Additionally, as this Court declines to serve as a factfinder, we rely on the record OOR developed and defer to its findings. *See Mission Pa., LLC v. McKelvey*, 212 A.3d 119, 130 n.8 (Pa. Cmwlth. 2019) (*en banc*), *appeal granted in part*, *McKelvey v. Pa. Dep't of Health*, 224 A.3d 1089 (Pa. 2020). As such, we review this matter in our appellate capacity. *Id.* Our review of matters of law is plenary. *Id.*

On appeal, the Department maintains that any information gained from tax returns is confidential and exempt from disclosure under the RTKL. It argues that the aggregate nature of the information requested does not render it unprotected.

7

Based on the premise that the number of taxpayers contributing to the Tax Totals may render the tax liability of taxpayers of certain tax types discernible by minimal research or knowledge of the NIZ, the Department contends confidentiality extends to cumulative totals. The Department also asserts that it disclosed the Spreadsheet "outside of the RTKL appeal" and that providing Tax Totals for tax types paid by a larger number of taxpayers qualified as an "official purpose." Pet'r's Reply Br. at 3.

Media Requester counters that the Tax Statutes protect individual taxpayer information or an amount paid by a single taxpayer, whereas there is no bar on disclosure of total tax revenues generated per tax. Media Requester also notes that the Department released information in the course of the OOR appeal that undermined its position that *any* information gleaned from a tax return is exempt.

### A. Totals of Tax Revenues Generated in NIZ

At the outset, we consider the type of information sought in the Request. Ascertaining the type of information at issue is essential to analyzing its public or exempt status under the RTKL. The Request seeks two categories of NIZ revenues: (A) corporate tax revenue/miscellaneous tax revenue; and (B) business trust fund tax. With respect to both categories, the Request seeks a breakdown by type of tax for tax years 2016, 2017 and 2018. For Category A, the breakdown by type of tax includes: personal income tax, bank shares tax, gross receipts tax, cigarette tax, unemployment compensation, and malt beverage tax. For Category B, the breakdown by type of tax includes: employer withholding and sales/use tax from businesses and contractors.

Currently, only Allentown meets the definition of "City" in the NIZ Article. Section 1902-B of the Tax Code, 72 P.S. §8902-B. A "qualified business"[9]

---

[9] The NIZ Article defines "qualified business" as: "An entity authorized to conduct business in this Commonwealth which is located or partially located within a [NIZ] and is engaged in the active conduct of a trade or business for the taxable year." Section 1902-B of the Tax Code, 72 P.S. §8902-B (definitions).

in the NIZ is eligible to receive state money for economic improvement. The Department advised:

> General fund and local tax revenues attributable to business in the zone may be used for the purpose of improvement and development within the zone and to construct a facility or facility complex within the zone. State taxes related to ownership and operation of any business located within the zone are used to repay bonds issued to fund various economic development projects within the zone, including a sports arena.

Pet'r's Br. at 5-6 n.4. In this context, the taxpayers are qualified businesses.

The Department claimed it was "prohibited from breaking down the amount of tax attributable to the NIZ beyond what was provided for in the certification letter because [T]he Fiscal Code and Tax Code[, *i.e.*, Tax Statutes] make information gained from such sources confidential." Pet'r's Br. at 7. Nevertheless, during the appeal, the Department provided OOR the Spreadsheet showing the Tax Totals and corresponding number of taxpayers of certain tax types. *See* S.C.R. at 1.

The Spreadsheet showed the Tax Totals for the three years requested (2016-2018) for the following tax categories: Employer Withholding Tax, UC (Unemployment Compensation) Tax, Sales and Use (construction materials), Sales and Use Tax, Personal Income Tax, Sales and Use Tax (tangible personal property), and Corporate Net Income Tax. Relevant here, the Spreadsheet did *not* show a breakdown by tax type for the nine taxes in the Other Taxes category based on the few taxpayers of those tax types.[10] Only the Tax Totals for tax types within the "Other Taxes" category remain at issue in this appeal.

---

[10] The fewest number of taxpayers shown by the Spreadsheet is 22 of corporate net income tax in 2018. Because the Department submitted the Spreadsheet to OOR during the appeal, it was not provided outside the RTKL. To the contrary, it became part of the record on appeal available for public view and filed with this Court. *See* Section 1303(a) of the RTKL, 65 P.S. §67.1303(a). Had the Department intended to retain confidentiality, it could have submitted the Spreadsheet to OOR for *in camera* review; such records are then part of the evidentiary record that is sealed.

With regard to "Other Taxes," the Spreadsheet showed the following. As to 2016, it listed a total of $59,562,115.76 for the "Other Taxes" category, paid by 36 businesses, of which "**20** are attributable to Liquor, Malt or Wine for restaurant or bar bringing the subset down to 16 taxpayers for the other categories." S.C.R. at 1 (bold added). As to 2017, it stated there are 32 taxpayers of the "Other Taxes" category, **15** of which are attributable to Liquor, Malt or Wine for restaurant/bar. *Id.* As to 2018, it stated there were only 14 (down from 32) businesses paying "Other Taxes," **3** of which are attributable to Liquor, Malt or Wine for restaurant/bar. *Id.*

The issue before the Court pertains to the confidentiality of tax information when the information may reveal a particular business's tax liability, without naming the business, but because by virtue of the type of tax, for which there are limited taxpayers, the liability would be known at least to one of the businesses. This is because certain taxes have so few businesses paying that tax in the NIZ that disclosing the total amount would allow those businesses to discern the tax liability of their competitors paying the same category of tax by the process of elimination.

Throughout the appeal, the Department distinguished its disclosure of Tax Totals in the Spreadsheet from the totals for the "Other Taxes" category in terms of the discernibility of a taxpayer's tax liability. The Department maintained that providing any further breakdown of the Other Taxes than what is in the Spreadsheet would allow the public to deduce a taxpayer's liability and, in that manner, violate the confidentiality protections of the Tax Statutes. As the Department advised in its submission to OOR: "The reason . . . is that to provide the number of taxpayers [that] pay each tax **and** the amount collected for each tax would allow [Media Requester] and the general public . . . to ascertain, with little difficulty, tax liability for specific Pennsylvania taxpayers." R.R. at 35a (emphasis added).

10

Accepting the premise that Tax Totals for types of taxes paid by very few businesses could permit a taxpayer's identity to be discerned within the limited geography of the NIZ, Media Requester agreed that he would not pursue disclosure of Tax Totals for taxes paid by fewer than three taxpayers. Consequently, the scope of this appeal is defined by the parties.

### B. Statutory Exemptions – Tax Statutes & NIZ Article

The Department raised multiple statutory provisions in the Tax Statutes, which contain similar, if not identical, language as follows:

> Any information gained . . . as a <u>result of any returns</u>, investigations, hearings or verifications required or authorized <u>under the statutes</u> of the Commonwealth <u>imposing taxes</u> or . . . <u>providing for [their] collection</u> . . . shall be confidential except for official purposes . . . .

*See* 72 P.S. §731 (The Fiscal Code); *see also* Sections 274, 353(f) and 408(b) of the Tax Code, 72 P.S. §§7274,[11] 7353(f),[12] 7408(b).[13] Common to all these provisions, confidentiality attaches based on the *source* of the information.

This Court recognizes that not only tax records are protected, but also "any 'information' gathered from those records cannot be divulged." *Scranton Times, L.P. v. Scranton Single Tax Off.*, 736 A.2d 711, 714 (Pa. Cmwlth. 1999); *see*

---

[11] Section 274 of the Tax Code, "unauthorized disclosures," provides in pertinent part: "Any information gained by the [D]epartment as a result of any return, examination, investigation, hearing or verification, required or authorized by this article, shall be confidential, except for official purposes . . . ." 72 P.S. §7274.

[12] Section 353(f) of the Tax Code, relating to personal income tax, provides: "It shall be unlawful for any officer, agent or employe of the Commonwealth to divulge or to make known in any manner whatever, not provided by law, except for official purposes, to any person, the amount or source of income, profits, losses, expenditures or any particular thereof set forth or disclosed in any return . . . ." 72 P.S. §7353(f).

[13] Section 408(b) of the Tax Code provides in pertinent part: "Any information gained by the [D]epartment, as a result of any returns, investigations, or verifications required to be made by this article, shall be confidential, except for official purposes . . . ." 72 P.S. §7408(b).

11

*also Commonwealth v. Engelkemier*, 148 A.3d 522 (Pa. Cmwlth. 2016). Thus, the Department had the burden to prove that the Tax Totals by tax type originated from the tax returns of the qualified businesses.

It is unclear how the information at issue here (Total Taxes in NIZ by tax type) is gained as a result of a return submitted under a statute imposing or collecting taxes. Further, the Department did not establish that the sole source of the Tax Totals was tax returns.[14] The totals, being cumulative of a number of taxpayers, would not appear on a taxpayer's tax return. Critically, in its responses to OOR the Department consistently characterized the Tax Totals as confidential taxpayer information by virtue of its own inclusion of the number of taxpayers. Such information (Tax Totals) was confidential "in conjunction" with the number of taxpayers. R.R. at 39a.

In addition, the Department did not isolate the source to tax returns. Throughout the appeal, the Department maintained that as to the cumulative information it releases for certain taxes, such "data does indeed ordinarily originate from tax returns and reports." R.R. at 35a (emphasis added).

Moreover, the Tax Statutes do not permit disclosure of "return information" or confidential taxpayer information except for "official purposes." The definition of "official purposes" adopted by the Department is "tax collection and administration purposes." *See* Att'y Gen. Op., 1990 LEXIS AG Pa. 1 (May 9, 1990). In analyzing the meaning of "official purposes" under The Fiscal Code, the

---

[14] From the record, this Court understands the following. To prepare the Certification Letter, the Department reviews NIZ information reports and other tax records that qualified businesses are required to file. The NIZ *reports* are used to determine which taxes to which the qualified business may be subject. Separate from the NIZ Program, the Department validates tax payments through returns, schedules and other documents sent directly to the Department. The Department claims the Certification Letter is a result of reviewing tax reports and returns.

12

focus of the analysis is on the source of the information and the use to which the information is put.

Our case law is clear that a RTKL request does not constitute "official purposes." *McElfresh v. Dep't of Transp.*, 963 A.2d 582 (Pa. Cmwlth. 2008). Indeed, the Department does not indicate how disclosing Tax Totals by tax type for taxes paid by more than 20 taxpayers as in the Spreadsheet meets the official purpose of tax collection or administration. As this Court reasoned when analyzing a RTKL request for tax information under the former open records statute:

> Reading Section 274 of the [Tax Code] as providing for disclosure, under the RTKL, of otherwise statutorily protected tax information would result in a complete evisceration of the confidentiality provisions of both Sections 274 and 731, in that no effect could be given to those provisions in the face of any RTKL request, and they would thusly be rendered mere surplusage. It is axiomatic that statutes shall be construed to give effect to all of their provisions in such a way that no provision becomes mere surplusage.

*McElfresh*, 963 A.2d at 584-85 (citing Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a)).

Further, the current RTKL renders the purpose of the request irrelevant. Since Section 1308 of the RTKL prohibits an agency from asking the purpose for the request, 65 P.S. §67.1308, the Department could not examine whether Media Requester's intended purpose for the information qualified as "official purposes."

Moreover, OOR's construction of the scope of confidentiality under the Tax Statutes aligns with the federal definition of "return information."[15] Federal law

---

[15] The term "return information" means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits . . . tax withheld . . . or any other data,

**(Footnote continued on next page…)**

13

defines "return information" such that "the term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. §6103(b)(2). This Court likewise reasoned "the identity of a taxpayer falls within the category of confidential information obtained from tax declarations and returns." *Juniata Valley Sch. Dist. v. Wargo*, 797 A.2d 428, 430-31 (Pa. Cmwlth. 2002). Thus, OOR's construction is consistent with case law construing the Tax Statutes to shield taxpayer identity.

Additionally, OOR's decision to protect Tax Totals for taxes paid by fewer than three taxpayers[16] when (1) the number of taxpayers (2) *and* the amount of tax is disclosed, upholds the confidentiality purpose of the Tax Statutes.

Because the Department voluntarily disclosed the Spreadsheet to OOR and Media Requester, it cannot maintain that the Tax Totals qualify as statutorily exempt. There is nothing in the Spreadsheet that suggests the totals alone are "return information." Further, its arguments and representations to OOR and its conduct in the course of the OOR appeal directly contradict its current position that the Tax Totals are categorically exempt based on their alleged source (tax returns).[17]

---

received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return . . . .

Section 6103(b) of the Internal Revenue Code, 26 U.S.C. §6103(b).

[16] OOR's legal resolution was driven in large part by the Stipulation of Media Requester that when the Tax Totals pertain to a type of tax (such as an industry-specific tax) garnered from fewer than three qualified businesses in the NIZ, those totals could be withheld.

[17] This Court is also not persuaded that federal guidance from the Internal Revenue Service, "Publication 1075," which pertains to the federal tax code, aids construction of the state Tax Statutes. The Department raises the guidance as to the number of zip codes and whether certain numbers of "cells on a zip code table" poses a risk of disclosing taxpayer identity. *See* Pet'r's Br. at 26-27. There is no indication the Department raised this argument to OOR, and it is thus waived. Moreover, the applicability of this guidance to the Tax Statutes is unclear, and the connection to the Spreadsheet is questionable.

14

To the extent the Department relies on the confidentiality provision in the NIZ Article, (Section 1908-B of the Tax Code, 72 P.S. §8908-B), it likewise does not prohibit disclosure of Tax Totals that do not represent the tax liability of any one taxpayer.[18] Section 1908-B states in full:

> Notwithstanding any law providing for the confidentiality of tax records, the contracting authority and the local taxing authorities shall have access to any reports and certifications filed under this article, and the contracting authority shall have access to any State or local tax information filed by a qualified business in the [NIZ] solely for the purpose of documenting the certifications required by this article. Any other use of the tax information shall be prohibited as provided under law.

*Id.* Unlike the Tax Statutes, it does not mandate absolute confidentiality; rather, the provision addresses access to reports filed by qualified businesses and certifications filed by the Department, and limits access to state and local tax information for the "purpose of documenting the certifications required by [the NIZ] [A]rticle." *Id.* Also, the provision does not state that tax reports filed by qualified businesses in a NIZ are not public, or that any information gleaned from the tax reports is not public.

However, it remains that the tax *report* the qualified business files is not sought; instead, Tax Totals, isolated by tax type, of amounts of tax revenue for each type, without the corresponding number of taxpayers, is the information sought. Indeed, it is unclear why the Department could not disclose total revenue from certain taxes in the NIZ, by tax type, even for the "Other Taxes" category without the number of businesses paying the tax, and thus not reveal individual tax liability to the public.

---

[18] The Department noted during argument that it was not relying on the NIZ confidentiality provision as an exemption. Notably, in its Denial, the Department characterized the confidentiality provision in the NIZ Article as an "exception to the confidentiality of NIZ taxpayer information," not as a prohibition on disclosure. R.R. at 4a.

15

Ultimately, the Department did not establish that the tax revenue broken down by type of tax, showing only Tax Totals for each type of tax in the NIZ – without the number of taxpayers of each tax, which was not requested— qualifies as confidential tax information. The Department's disclosure of the requested Tax Totals for several tax types in the Spreadsheet shows the information is not exempt under the Tax Statutes premised on its source, *i.e.*, tax returns. As such we discern no error by OOR in concluding that the Department did not establish the Tax Statutes protect the Tax Totals of tax types generated by three or more taxpayers.[19] Accordingly, OOR's disclosure order is affirmed.[20]

### C. Aggregated Data

We briefly address the Department's argument that OOR's Final Determination compels reversal because it holds aggregated data is public under the RTKL. First, this Court rejects the Department's contention that OOR determined that any "information gained from tax returns is a public record under the RTKL." *See* Pet'r's Br. at 10. The Final Determination is not so broad, and is limited by the material facts, particularly, the Stipulation and the Department's disclosure of the Spreadsheet to OOR during the RTKL appeal.

---

[19] As this Court recognized in *Housing Authority of City of Pittsburgh v. Van Osdol*, 40 A.3d 209 (Pa. Cmwlth. 2012), the fact that properly disclosed information may lead to disclosure of protected information with further research is not a basis for its nondisclosure/exemption. *See also Dep't of Hum. Servs. v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d 431, 440 (Pa. Cmwlth. 2017) (*en banc*) (McCullough, J., dissenting).

[20] This Court does not adopt Media Requester's position that tax information, in cumulative form, is not exempt by statute, and indeed OOR or the Court may reach such a conclusion on a different record. To the extent the information sought originates from tax returns, *i.e.*, "return information," as opposed to "tax reports," *i.e.*, the annual reports qualified businesses in the NIZ are required to file with the Department, the information is not subject to disclosure absent official purposes. Our conclusion, like OOR's, is constrained by the facts established on this record.

OOR determined that the Department did not prove that the Tax Statutes exempted the Tax Totals at issue, except when there was an acknowledged risk that disclosure of totals for taxes paid by one or two taxpayers could reveal taxpayer identity and/or a taxpayer's tax liability.

Second, OOR also did not hold that information gained from three or more tax returns constituted "aggregated data" under the RTKL. *See* Pet'r's Br. at 24. Notwithstanding that OOR's decision recognized that "not all aggregate data[21] is prohibited from release," Final Determination at 7, the definition of aggregated data in the RTKL is not relevant here. Nor does it appear in the Final Determination. As used by OOR, aggregate data is not readily attributable to a specific taxpayer.

In general, this Court recognizes that providing cumulative data from which identifiers are removed allows disclosure in a form that affords sufficient confidentiality to the subjects of the disclosure. *See Lyft, Inc. v. Pa. Pub. Util. Comm'n*, 145 A.3d 1235 (Pa. Cmwlth. 2016) (*en banc*) (allowing disclosure of trip summaries as aggregate data in trade secret/customer list context). For clarity, we confirm that the Final Determination did not hold that information gained from three or more tax returns is public categorically, but only that the Department did not prove that it is exempt in this case.

### D. Financial Record

Lastly, the Court briefly addresses Media Requester's argument that the Tax Totals constitute a "financial record" and thus are public under the RTKL. Section 102 of the RTKL defines a "financial record" as "[a]ny account, voucher, or

---

[21] Section 102 of the RTKL defines "aggregated data" as "[a] tabulation of data which relates to broad classes, groups or categories so that it is not possible to distinguish the properties of individuals within those classes, groups or categories." 65 P.S. §67.102. However, the RTKL definition applies to construction of exceptions in the RTKL, not to exemptions from disclosure under other laws, like the Tax Statutes. *See Feldman v. Pa. Comm'n on Crime & Delinquency*, 208 A.3d 167, 175 (Pa. Cmwlth. 2019).

contract dealing with . . . the receipt or disbursement of funds by an agency . . . ." 65 P.S. §67.102. Crucially, Media Requester did not articulate this basis for disclosure to OOR in its appeal, *see* R.R. at 1a-3a, or cross-appeal the Final Determination on this ground to this Court.[22] Therefore, we need not address it.[23] *See Padgett v. Pa. State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013) (grounds not stated in appeal filed under Section 1101(a) of the RTKL, 65 P.S. §67.1101(a), are waived; affirming OOR's dismissal of requester's appeal as deficient); *see also* Section 1101(a) of the RTKL ("[t]he appeal shall state the grounds upon which the requester asserts that the record is a public record . . .").

### III. Conclusion

For the foregoing reasons, and because the Department did not prove that Tax Totals of NIZ revenue from certain types of taxes are statutorily exempt, we affirm OOR's Final Determination and direct disclosure of Tax Totals for taxes in the Other Taxes category, where revenue is generated by three or more taxpayers, without identifying a taxpayer, and a taxpayer's tax liability is not readily discernible from the agency's disclosure of the requested information.

_____

J. ANDREW CROMPTON, Judge

---

[22] Regardless, to qualify as public under the RTKL definition of financial record, the connection of the information to the responding agency's receipt or disbursement of funds must be evident. Nothing on the face of the Request here suggests that the Tax Totals sought document public funds received or disbursed by the Department.

[23] As such, we likewise reject the Department's attempt to raise Section 708(b)(6) of the RTKL, 65 P.S. §67.708(b)(6), relating to "personal financial information" as a defense to this "financial records" argument. *See* Pet'r's Reply Br. at 11-12. The Department may not assert new exceptions on appeal. *See Levy v. Senate of Pa.*, 94 A.3d 436 (Pa. Cmwlth. 2014). Nevertheless, we note that "personal financial information" has been limited to individuals, and so does not apply to businesses. *See Cal. Univ. of Pa. v. Bradshaw*, 210 A.3d 1134 (Pa. Cmwlth. 2019).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Revenue, :
                              Petitioner :
                                         :
          v.                             : No.  1494 C.D. 2019
                                         :
Andrew Wagaman and The Morning           :
Call,                                    :
                              Respondents :

# **O R D E R**

**AND NOW**, this 19th day of February 2021, the final determination of the Office of Open Records is **AFFIRMED** for the reasons set forth in the accompanying opinion.  The Pennsylvania Department of Revenue is directed to disclose the requested breakdown of total tax revenues by type of tax, specifically those in the "Other Taxes" category, when revenue for the tax type is generated by three or more taxpayers, and a taxpayer's liability is not readily discernible from the agency's disclosure of the requested information.

_____
J. ANDREW CROMPTON, Judge